RECEIPT # _____
AMOUNT $ __250__
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _3 30 05_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOREL STEEL ERECTION CORPORATION,

    Plaintiff,

    v.

CAPCO STEEL CORPORATION,

    Defendant (Petitioner for Removal),

    and

CANAM STEEL CORPORATION,

    Reach-and-apply Defendant (Petitioner for Removal).

**NOTICE OF REMOVAL**

**05 - 10627 W**

**MAGISTRATE JUDGE** _____

TO:    Civil Clerk's Office, United States District Court for the
         District of Massachusetts
         U.S. Courthouse
         One Courthouse Way
         Boston, MA 02110

         Clerk, Superior Court Department of the Trial Court
         Norfolk County Court House
         650 High Street
         Dedham, MA 02026

         Charles A. Roberts, Esq.
         Law Offices of Scott W. Wynn
         254 Main Street
         Charlestown, MA 02129

Defendant Capco Steel Corporation ("Capco") and reach-and-apply defendant Canam

Steel Corporation ("Canam"; together with Capco, the "Defendants"), by their undersigned

attorneys, and pursuant to 28 U.S.C. § 1446, give notice that they remove the above-captioned

~BOST1:323181.v1

case presently pending in the Superior Court Department of the Trial Court of Norfolk County, Commonwealth of Massachusetts.

Removal is authorized by 28 U.S.C. § 1441 and is based upon the United States District Court's original jurisdiction over the case pursuant to 28 U.S.C. § 1332, because it is a civil action in which the parties are citizens of different states and, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Defendants state:

A.    Background

1.    This case was commenced on or about March 22, 2005, when plaintiff Dorel Steel Erection Corporation ("Dorel") filed a complaint in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Norfolk County. Copies of the process, pleadings, and orders served upon Defendants and the docket sheet in the Superior Court action are attached to this Notice as Exhibit 1.

2.    Capco was served with a Summons and Restraining Order and a copy of Dorel's Verified Complaint on or about March 24, 2005. Canam was served with the same materials on March 25, 2005. The time within which Defendants are allowed to remove this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1446, has not expired.

3.    Dorel's Verified Complaint asserts claims against Capco breach of contract and quantum meruit. The Verified Complaint asserts a reach-and-apply claim against Canam.

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the plaintiff and all defendants, none of the

2

defendants is a citizen of Massachusetts, and defendants, in good faith, believe that the amount in controversy exceeds $75,000.

B.     Diversity of Citizenship

5.     Plaintiff Dorel is a Massachusetts corporation with its principal place of business in Quincy, Massachusetts.  Dorel is thus a citizen of the Commonwealth of Massachusetts.

6.     Defendant Capco is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.  Capco is thus a citizen of the State of Rhode Island.

7.     Reach-and-apply defendant Canam is a Delaware corporation with its principal place of business in Point of Rocks, Maryland.  Canam is thus a citizen of the States of Delaware and Maryland, and there is complete diversity of citizenship between the plaintiff and the defendants in this action.

C.     Jurisdictional Amount

8.     Dorel's Verified Complaint alleges that Dorel "is owed at least $400,000.00 by Capco."  Verified Complaint at ¶ 12.  That amount well exceeds the minimum established under 28 U.S.C. § 1332.

D.     Notice to State Court

9.     Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal will be filed with

the Clerk of the Norfolk Superior Court and served upon counsel for Dorel.

CAPCO STEEL CORPORATION,

By its attorney,

*Girard R. Visconti / MDV*

Girard R. Visconti
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (*telephone*)
(401) 421-9302 (fax)

CANAM STEEL CORPORATION,

By its attorney,

Michael D. Vhay (BBO # 566444)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice of Removal has been served upon counsel for all other parties by U.S. Mail on this *30* th day of March, 2005.

Michael D. Vhay

~BOST1:323181.v1

# Commonwealth of Massachusetts
# NORFOLK SUPERIOR COURT
# Case Summary
# Civil Docket

## Dorel Steel Erection Corporation v Capco Steel Corporation

Details for Docket: NOCV2005-00502

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2005-00502 | **Caption:** | Dorel Steel Erection Corporation v Capco Steel Corporation |
| **Filing Date:** | 03/22/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 03/22/2005 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Most |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 05/11/2007 |
| **Service Date:** | 06/20/2005 | **Disposition:** | 03/21/2008 |
| **Rule 15:** | 06/15/2006 | **Rule 12/19/20:** | 08/19/2005 |
| **Final PTC:** | 11/07/2007 | **Rule 56:** | 07/10/2007 |
| **Answer Date:** | 08/19/2005 | **Jury Trial:** | NO |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2005-00502 | **Caption:** | Dorel Steel Erection Corporation v Capco Steel Corporation |
| **Filing Date:** | 03/22/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 03/22/2005 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Construction dispute |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 05/11/2007 |
| **Service Date:** | 06/20/2005 | **Disposition:** | 03/21/2008 |
| **Rule 15:** | 06/15/2006 | **Rule 12/19/20:** | 08/19/2005 |
| **Final PTC:** | 11/07/2007 | **Rule 56:** | 07/10/2007 |
| **Answer Date:** | 08/19/2005 | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: NOCV2005-00502

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Capco Steel Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Plaintiff |
|---|---|---|---|
| **Last Name:** | Dorel Steel Erection Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Reach & Apply Defendant |
|---|---|---|---|
| **Last Name:** | Canam Steel Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

1 Attorneys Involved for Docket: NOCV2005-00502

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Roberts | **First Name:** | Charles A |
| **Address:** | 254 Main Street | **Address:** | P.O. Box 290009 |
| **City:** | Charlestown | **State:** | MA |
| **Zip Code:** | 02129 | **Zip Ext:** | |
| **Telephone:** | 781-729-4765 | **Tel Ext:** | |
| **Fascimile:** | 781-729-9329 | **Representing:** | Dorel Steel Erection Corporatic (Plaintiff) |

## Calendar Events

RECEIVED

APR 2 5 2005

CORPORATION
STEEL DIVISION

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

Dorel Steel Erection Corporation )
  Plaintiff )
  )
  )
        vs. )
  )
Capco Steel Corporation )
  Defendant )
       and )
  )
Canam Steel Corporation )
  Reach and Apply Defendant )

### Verified Complaint

### Count I - Breach of Contract

1.    Dorel Steel Erection Corporation ("Dorel") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and maintains its principal place of business at 33 Fayette Street, Quincy, Massachusetts.

2.    Capco Steel Corporation ("Capco") is a corporation duly organized and existing under the laws of the State of Rhode Island and maintains its principal place of business at 33 Acorn Street, Providence, Rhode Island.

3.    In an agreement entitled "Memorandum of Understanding" ("the Contract") dated July 19, 2001, Capco entered into a contract with Dorel and two other parties: James F. Stearns Company ("Stearns") and Prime Steel Corporation ("Prime").

4.    This contract recited that Capco had entered into a subcontract with Canam Steel Corporation to perform certain construction work on a building identified therein as the "Boston Convention and Exhibition Center" ("the Project").

5.    It further recited that Capco was thereby entering into sub-subcontracts with Dorel, Stearns and Prime whereby each of the four companies (Capco, Dorel, Stearns and Prime) would perform one-quarter of the work of the Canam/Capco subcontract on the Project in exchange for $8,750,000.00 each.

6.    Pursuant to paragraph 4.3 of the Contract, Capco was to be the "Administrative Project Manager" of the Project.

7.   Pursuant to paragraph 3 of the Contract all laborers on the Project were to be employees of Capco.

8.   Pursuant to paragraph 6 of the Contract, Capco was to keep the books and records for the Project. Pursuant to subparagraph 6.1, an audit was to be made at the completion of the Project.

9.   Pursuant to paragraph 7 of the Contract, interim distributions were to be made for expenses and at the conclusion of the Project profits or losses were to be determined and apportioned and paid within sixty days of the completion of the Project.

10.  Dorel has completed its work upon the project and, upon information and belief, so have the other sub-subcontractors. More than sixty days have elapsed since final completion.

11.  Capco has refused or neglected to provide a full and final accounting to Dorel.

12.  According to incomplete accountings provided by Capco to Dorel, Dorel believes that it is owed at least $400,000.00 by Capco.

Wherefore, Dorel Steel Erection Corporation demands an accounting from Capco Steel Erection Corporation and judgment for the appropriate amount pursuant to their agreement.

## Count II - *Quantum Meruit*

13.  Paragraphs one through ten of Count I are republished herein as though written out in full.

14.  Dorel delivered certain goods to and performed certain services for Capco on the Project, which accepted and made use of same.

15.  Client is therefore entitled to recover said sum from Capco on the theory of *quantum meruit.*

Wherefore, Dorel demands judgment from Capco in the amount of its damages plus costs and interest.

## Count Three -- Reach and Apply Relief

16.  The Reach and Apply Defendant, Canam Steel Corporation, ("Canam") is an corporation organized and existing under the laws of the State of Delaware and maintains a place of business at 4010 Clay Street, P.O. Box C-285, Point of Rocks, MD 21777.

2

17.  According to the records of the Department of Corporations of the Secretary of the
     Commonwealth, Canam has registered to do business within the Commonwealth and has
     designated CT Corporation System of 1010 Federal Street, Boston, MA 02110, as its
     Resident Agent to accept service of process.

18.  The Plaintiff is informed and believes that Capco is or will become owed money from
     Canam for the Project and possibly on other projects. Said assets are not subject to
     attachment or to be taken on execution.

19.  Pursuant to G.L. c. 213, §3(6), the Plaintiff seeks to reach and apply any such funds due
     or to become due from Canam.

20.  The Plaintiff is reliably informed and believes that Capco has failed or refused to pay
     other suppliers of labor and/or materials on this and other projects and knows that Capco
     has failed or refused to pay Dorel on this and several other projects.

21.  The Plaintiff would suffer immediate and irreparable injury, loss, or damage should the
     temporary restraining order/preliminary injunction sought herein is not granted.

22.  The Plaintiff does not have an adequate remedy at law.

     Wherefore, the Plaintiff prays that this Honorable Court provide the following relief.

     A.   enter judgment for Dorel Steel Erection Corporation against Capco Steel
          Corporation in the amount of $400,000.00 or in such other sum as determined by
          the Court;

     B.   issue a temporary restraining order prohibiting the reach and apply defendant,
          Canam Steel Corporation from paying or in any way withdrawing, assigning,
          encumbering, or alienating any of the funds due or to become due to the
          Defendant, Capco Steel Corporation;

     C.   after notice and hearing, issue a preliminary injunction prohibiting the reach and
          apply defendant, Canam Steel Corporation from paying or in any way
          withdrawing, assigning, encumbering, or alienating any of the funds due or to
          become due to the Defendant, Capco Steel Corporation;

     D.   determine the amount due from Capco Steel Corporation to Dorel Steel Erection
          Corporation to be $400,000.00 or such other sum as determined by the Court plus
          costs and attorney's fees;

     E.   order that said amount be reached and applied in satisfaction of the indebtedness
          from Capco Steel Corporation to Dorel Steel Erection Corporation.

F.    for such further relief as to the Court may seem meet and just.

### Verification

I, John Murphy, Sr., do hereby swear under pain and penalties of perjury that I am the president Plaintiff herein, that I have read the foregoing Complaint, and that the allegations contained therein are true to the best of my knowledge, information, and belief.

Signed this **21st** day of **March**, 2005.

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

Commonwealth of Massachusetts
County of Norfolk, SS.

March 21, 2005

Then personally appeared the above-named individual and made oath that the statements contained herein are true to the best of his knowledge, information, and belief.

Notary Public
My Commission Expires:
8/14/09

4

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone    (617) 241-5544
Telefax      (617) 242-7675

5

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

05  00502

Dorel Steel Erection Corporation )
    Plaintiff )
)
        vs. )
)
Capco Steel Corporation )
    Defendant )
        and )
)
Canam Steel Corporation )
    Reach and Apply Defendant )

### Motion for Temporary Restraining Order

Now comes the Plaintiff in the above-captioned action, pursuant to Rule 65 of the Massachusetts Rules of Civil Procedure, and respectfully moves this Honorable Court to order prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation, up to a limit of $400,000.00

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone   (617) 241-5544
Telefax      (617) 242-7675

RECEIVED

MAR 25 2005

CANAM STEEL CORPORATION
STEEL DIVISION

*[Handwritten in left margin: T.R.O. granted under Kruger D. 3/10/N to cause on P/I, (See order) (otherwise Thurs, MAR 31, 2005 AT 2:30 p.m.) 3/22/05 (signature)]*

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

Dorel Steel Erection Corporation )
   Plaintiff )
 )
 )
        vs. )
 )
Capco Steel Corporation )
   Defendant )
        and )
 )
Canam Steel Corporation )
   Reach and Apply Defendant )

### Affidavit in Support of
### Plaintiff's Motion for Temporary Restraining Order

Now comes the below-signed affiant and under pain and penalties of perjury does depose and say:

1. I am the president of the Plaintiff in this action.

2. The Defendant owes the Plaintiff the amount sought in the Verified Complaint herein.

3. I am unaware and do not believe that there is any liability insurance which may be available to pay any part of this amount.

4. To the best of my knowledge, information, and belief, the Defendant has no valid defense to this action, and there is a reasonable likelihood that the Plaintiff will recover judgment, including costs and interest, in at least the amount of the attachment.

5. To the best of my knowledge, information, and belief, there is a clear danger that the Defendant, if notified in advance of the attachment, will withdraw his funds from the custody and possession of the Trustee and will conceal or dissipate them. In support of this contention, the Plaintiff states that the Defendant has refused or neglected to pay the amount demanded by the Plaintiff despite numerous demands.

02/28/2005  14:12    6172427676                                    SCOTT W WYNN                                    PAGE  09

Signed this 21st day of MARCH, 2005,

under pain and penalties of perjury,

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

Dorel Steel Erection Corporation )
  Plaintiff )
       )
          vs. )
       )
Capco Steel Corporation )
  Defendant )
         and )
       )
Canam Steel Corporation )
  Reach and Apply Defendant )

### Affidavit in Support of
### Plaintiff's Motion for Preliminary Injunction

Now comes the below-signed affiant and under pain and penalties of perjury does depose and say:

1.    I am the president of the Plaintiff in this action.

2.    The Defendant owes the Plaintiff the amount sought in the Verified Complaint herein.

3.    I am unaware and do not believe that there is any liability insurance which may be available to pay any part of this amount.

4.    To the best of my knowledge, information, and belief, the Defendant has no valid defense to this action, and there is a reasonable likelihood that the Plaintiff will recover judgment, including costs and interest, in at least the amount of the attachment.

5.    To the best of my knowledge, information, and belief, there is a clear danger that the Defendant, if notified in advance of the attachment, will withdraw his funds from the custody and possession of the Trustee and will conceal or dissipate them. In support of this contention, the Plaintiff states that the Defendant has refused or neglected to pay the amount demanded by the Plaintiff despite numerous demands.

Signed this _23rd_ day of _March_ , 2005,

under pain and penalties of perjury.

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no. 05-502

Dorel Steel Erection Corporation )
   Plaintiff )
)
        vs. )
)
Capco Steel Corporation )
   Defendant )
      and )
Canam Steel Corporation )
   Reach and Apply Defendant )

### Notice of Hearing for Plaintiff's Motion for Preliminary Injunction

1. You are hereby notified that a Complaint has been filed in this Court by the Plaintiff seeking judgment against you.

2. You are also hereby notified that a Motion has been filed by the Plaintiff for a Temporary Restraining Order, a copy of which is included herewith, by the Court.

3. A copy of Motion for Preliminary Injunction with its appended Affidavit is herewith served upon you.

4. Said Motion has been marked for hearing before the Court on March 31, 2005, at 2:00 p.m., in the motion session of the above-named court.

5. You are entitled to appear at said time and place to be heard on the allowance or denial of this Motion.

6. You are hereby informed that by appearing to be heard on this Motion for Preliminary Injunction you will not thereby submit yourself to the jurisdiction of the Court, nor waive service of the Summons and Complaint upon you in the manner provided for by law.

RECEIVED

MAR 25 2005

CANAM CORPORATION
CANAM STEEL DIVISION

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone    (617) 241-5544
Telefax      (617) 242-7675

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   05-502

DOREL STEEL ERECTION CORPORATION, *Plaintiff(s)*

v.

CAPCO STEEL CORPORATION ........., *Defendant(s)*

CANAM STEEL CORPORATION, Reach and Apply Defendant

## SUMMONS AND RESTRAINING ORDER

To the above-named Defendant:

You are hereby summoned and required to serve upon ..Charles A.Roberts, Esq.of, Law Office of Scott W.Wynn                              254 Main St, PO Box 290009
plaintiff's attorney, whose address is .Charlestown, MA .02129 ............., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Dedham — at Boston in the county of Suffolk, in the first session with-
for hearing on preliminary injunction
out jury of our said court on Thursday            the 1st    day of March    A.Dx19 2005

at 2:00 P.M'o'clock A.M., at which you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, WE COMMAND YOU, said Defendant        and your agents, attorneys and counsellors, and each and every one of them, to desist and refrain from

....................................... (SEE ATTACHED) ...........

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at

the ..................................day of ............      , in the year of our Lord one thousand

nine hundred and ninety- .........

RECEIVED

2005

NOTES:

1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Clerk.

F-30

**COMMONWEALTH OF MASSACHUSETTS**

NORFOLK, SS.

                                              **SUPERIOR COURT**
                                              **CIVIL ACTION**
                                              **NO.0 5-502**

                    Dorel Steel Erection Corp.
                                    **Plaintiff**

                                    Vs.

                    Capco Steel Corp.
                                    **Defendant**

                    And
                    Canam Steel Corp.
                                    **Reach and Apply**
                                    **Defendant**

                    <u>**TEMPORARY RESTRAINING ORDER**</u>

This action came before Murphy, J, ex parte,  Upon consideration,

    **IT IS ORDERED THAT:**

    The Reach and Apply Defendant, Canam Steel Corp., is Temporarily Restrained from
    paying ,or in any way, withdrawing, assigning, encumbering, or alienating any of the funds
    due, or to become due to the Defendant, Capco Steel Corp.

    UNTIL ~~Wednesday~~, THURSDAY March ~~22~~ 31, 2005 at 2:00 p.m..


                                        By the Court (Murphy, J.)

Entered:  _MAR 22, 2005_    /Assistant Clerk



                    A TRUE COPY
            Attest: _____
                ~~Deputy~~ Assistant Clerk
                    3/22/05

OJS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DOREL STEEL ERECTION CORPORATION

## DEFENDANTS
CAPCO STEEL CORPORATION, CANAM STEEL CORPORATION

**(b)** County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles A. Roberts
Law Offices of Scott W. Wynn
P.O. Box 290009
Charlestown, MA 02129
(617) 241-5544

Attorneys (If Known)
Girard R. Visconti (for Capco), Visconti & Boren, Ltd., 55 Dorrance Street, Providence, RI 02903 (401) 331-3800

Michael D. Vhay (for Canam), DLA Piper Rudnick Gray Cary US LLP, One International Place, Boston, MA 02110 (617) 406-6000

# 05 - 10627 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Removal of Contract Action (28 USC 1441); Diversity Jurisdiction (28 USC 1441)
Brief description of cause:
Breach of construction contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $400,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
3/30/05

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

## FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    Title of case (name of first party on each side only)    Dorel Steel Erection Corporation v. Capco Steel Corporation

2.    Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

☒    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☐    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐    V.    150, 152, 153.

3.    Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

None

4.    Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5.    Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6.    Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7.    Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1 (d)).

YES ☒    NO ☐

A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☒    Central Division ☐    Western Division ☐

B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8.    If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☒    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Michael D. Vhay

ADDRESS    DLA Piper Rudnick Gray Cary US LLP, One International Place, Boston, MA 02110

TELEPHONE NO.    617-406-6000

(Coversheetlocal.wpd 10/17/02)

American LegalNet, Inc.    www.USCourtForms.com