UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOREL STEEL ERECTION CORPORATION,

    Plaintiff,

    v.

CAPCO STEEL CORPORATION,

    Defendant,

    and

CANAM STEEL CORPORATION,

    Reach-and-apply Defendant.

Civil Action No. 05-10627-WGY

## NOTICE OF FILING OF CERTIFIED STATE COURT RECORD

Pursuant to Local Rule 81.1(a), reach-and-apply defendant Canam Steel Corporation hereby files a certified copy of the records and proceedings among the parties in the Superior Court of Norfolk County, Massachusetts.

CANAM STEEL CORPORATION,

By its attorney,

Michael D. Vhay (BBO # 566444)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: April 6, 2005

~BOST1:323775.v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice of Filing of Certified State Court Record has been served upon counsel for all other parties by U.S. Mail on this 6_th day of April, 2005.

Michael D. Vhay

2

**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

*05-10627*

## NOCV2005-00502
### Dorel Steel Erection Corporation v Capco Steel Corporation

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/22/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 03/31/2005 | **Session** | D - Non Jury-CtRm 8 | | |
| **Origin** | 1 | **Case Type** | A12 - Construction dispute | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/20/2005 | **Answer** | 08/19/2005 | **Rule12/19/20** | 08/19/2005 |
| **Rule 15** | 06/15/2006 | **Discovery** | 05/11/2007 | **Rule 56** | 07/10/2007 |
| **Final PTC** | 11/07/2007 | **Disposition** | 03/21/2008 | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Dorel Steel Erection Corporation
Active 03/22/2005

**Private Counsel 422200**
Charles A Roberts
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Phone: 781-729-4765
Fax: 781-729-9329
Active 03/22/2005 Notify

**Defendant**
Capco Steel Corporation
Service pending 03/22/2005

**Reach & Apply Defendant**
Canam Steel Corporation
Active 03/22/2005

**Private Counsel 566444**
Michael D Vhay
DLA Piper Rudnick GRAY CARY US LLP
One International Place
Boston, MA 02110-2613
Phone: 617-406-6000
Fax: 617-406-6100
Active 03/31/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/22/2005 | 1.0 | Complaint filed $275.00 entry fee paid |
| 03/22/2005 | | Origin 1, Type A12, Track A. |
| 03/22/2005 | 2.0 | Civil action cover sheet filed |
| 03/22/2005 | 3.0 | plff's motion for temporary restraining order-TRO granted under prayer B. O/N to issue on P.I.(see order)-returnable Thursday, March 31,2005 at 2:00P.M.(Murphy,J.) (90.00 fee paid) |
| 03/22/2005 | 4.0 | temporary restraining order(Murphy, J.) |
| 03/22/2005 | | average track notice sent to plff's attorney |
| 03/29/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 03/30/2005 | 5.0 | Certificate of service regarding tracking order |

**Commonwealth of Massachusetts**

**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## NOCV2005-00502
### Dorel Steel Erection Corporation v Capco Steel Corporation

| Date | Paper | Text |
|------|-------|------|
| 03/31/2005 | 6.0 | Deft. Capco Steel Corporation and Reach and Apply Deft. Canam Steel Corporation's Notice of Removal to US District Court of MA  cs |

**EVENTS**

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 03/31/2005 | Civil A-CtRm 10 | Motion/Hearing: order of notice return on O/N for hearing on preliminary injunction | Event canceled not re-scheduled |

A TRUE COPY

Attest: *Mary E. Kinney*

Deputy Assistant Clerk

3/31/05

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

05 00502

| | |
|---|---|
| Dorel Steel Erection Corporation | ) |
|   Plaintiff | ) |
| | ) |
|       vs. | ) |
| | ) |
| Capco Steel Corporation | ) |
|   Defendant | ) |
|       and | ) |
| | ) |
| Canam Steel Corporation | ) |
|   Reach and Apply Defendant | ) |

**Verified Complaint**

**Count I - Breach of Contract**

1.    Dorel Steel Erection Corporation ("Dorel") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and maintains its principal place of business at 33 Fayette Street, Quincy, Massachusetts.

2.    Capco Steel Corporation ("Capco") is a corporation duly organized and existing under the laws of the State of Rhode Island and maintains its principal place of business at 33 Acorn Street, Providence, Rhode Island.

3.    In an agreement entitled "Memorandum of Understanding" ("the Contract") dated July 19, 2001, Capco entered into a contract with Dorel and two other parties: James F. Stearns Company ("Stearns") and Prime Steel Corporation ("Prime").

4.    This contract recited that Capco had entered into a subcontract with Canam Steel Corporation to perform certain construction work on a building identified therein as the "Boston Convention and Exhibition Center" ("the Project").

5.    It further recited that Capco was thereby entering into sub-subcontracts with Dorel, Stearns and Prime whereby each of the four companies (Capco, Dorel, Stearns and Prime) would perform one-quarter of the work of the Canam/Capco subcontract on the Project in exchange for $8,750,000.00 each.

6.    Pursuant to paragraph 4.3 of the Contract, Capco was to be the "Administrative Project Manager" of the Project.

7.   Pursuant to paragraph 3 of the Contract all laborers on the Project were to be employees of Capco.

8.   Pursuant to paragraph 6 of the Contract, Capco was to keep the books and records for the Project. Pursuant to subparagraph 6.1, an audit was to be made at the completion of the Project.

9.   Pursuant to paragraph 7 of the Contract, interim distributions were to be made for expenses and at the conclusion of the Project profits or losses were to be determined and apportioned and paid within sixty days of the completion of the Project.

10.  Dorel has completed its work upon the project and, upon information and belief, so have the other sub-subcontractors. More than sixty days have elapsed since final completion.

11.  Capco has refused or neglected to provide a full and final accounting to Dorel.

12.  According to incomplete accountings provided by Capco to Dorel, Dorel believes that it is owed at least $400,000.00 by Capco.

Wherefore, Dorel Steel Erection Corporation demands an accounting from Capco Steel Erection Corporation and judgment for the appropriate amount pursuant to their agreement.

## Count II - *Quantum Meruit*

13.  Paragraphs one through ten of Count I are republished herein as though written out in full.

14.  Dorel delivered certain goods to and performed certain services for Capco on the Project, which accepted and made use of same.

15.  Client is therefore entitled to recover said sum from Capco on the theory of *quantum meruit.*

Wherefore, Dorel demands judgment from Capco in the amount of its damages plus costs and interest.

## Count Three — Reach and Apply Relief

16.  The Reach and Apply Defendant, Canam Steel Corporation, ("Canam") is an corporation organized and existing under the laws of the State of Delaware and maintains a place of business at 4010 Clay Street, P.O. Box C-285, Point of Rocks, MD 21777.

2

17. According to the records of the Department of Corporations of the Secretary of the Commonwealth, Canam has registered to do business within the Commonwealth and has designated CT Corporation System of 1010 Federal Street, Boston, MA 02110, as its Resident Agent to accept service of process.

18. The Plaintiff is informed and believes that Capco is or will become owed money from Canam for the Project and possibly on other projects. Said assets are not subject to attachment or to be taken on execution.

19. Pursuant to G.L. c. 213, §3(6), the Plaintiff seeks to reach and apply any such funds due or to become due from Canam.

20. The Plaintiff is reliably informed and believes that Capco has failed or refused to pay other suppliers of labor and/or materials on this and other projects and knows that Capco has failed or refused to pay Dorel on this and several other projects.

21. The Plaintiff would suffer immediate and irreparable injury, loss, or damage should the temporary restraining order/preliminary injunction sought herein is not granted.

22. The Plaintiff does not have an adequate remedy at law.

Wherefore, the Plaintiff prays that this Honorable Court provide the following relief.

A. enter judgment for Dorel Steel Erection Corporation against Capco Steel Corporation in the amount of $400,000.00 or in such other sum as determined by the Court;

B. issue a temporary restraining order prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation;

C. after notice and hearing, issue a preliminary injunction prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation;

D. determine the amount due from Capco Steel Corporation to Dorel Steel Erection Corporation to be $400,000.00 or such other sum as determined by the Court plus costs and attorney's fees;

E. order that said amount be reached and applied in satisfaction of the indebtedness from Capco Steel Corporation to Dorel Steel Erection Corporation.

F.    for such further relief as to the Court may seem meet and just.

### Verification

I, John Murphy, Sr., do hereby swear under pain and penalties of perjury that I am the president Plaintiff herein, that I have read the foregoing Complaint, and that the allegations contained therein are true to the best of my knowledge, information, and belief.

Signed this _21st_ day of _MARCH_, 2005.

_John Murphy Sr_

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

Commonwealth of Massachusetts                                        _March 21_, 2005
County of Norfolk, SS.

Then personally appeared the above-named individual and made oath that the statements contained herein are true to the best of his knowledge, information, and belief.

_Charles Roberts_

Notary Public
My Commission Expires:

_8/14/09_

4

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone    (617) 241-5544
Telefax      (617) 242-7675

A TRUE COPY

Attest: Mary E. Kenney
Deputy Assistant Clerk
3/31/05

5

# The Commonwealth of Massachusetts

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: | Docket Number 05 0050 |
|---|---|---|

| PLAINTIFF(S) Corporation | DEFENDANT(S) Corporation *et al.* |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE MA 02129   (617) 241-5544   551063  P.O. Box 290009  Charlestown  Board of Bar Overseers number: | ATTORNEY (if known) |
|---|---|

RECEIVED CLERK NORFOLK 3/31/05

## Origin code and track designation

Place an x in one box only:
[X] 1.  F01 Original Complaint
[ ] 2.  F02 Removal to Sup.Ct. c. 231, s.104 (Before trial)                    (F)
[ ] 3.  F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4.  F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5.  F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60)                    (X)
[ ] 6.  E10 Summary Process Appeal                    (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. A12 | TYPE OF ACTION (specify) Construction dispute | TRACK ( ) | IS THIS A JURY CASE? ( ) Yes    ( ) No |
|---|---|---|---|

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages or

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
    2.  Total Doctor expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
    3.  Total chiropractic expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
    4.  Total physical therapy expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
    5.  Total other expenses (describe)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
                                                                    Subtotal $. . . . . . . . .
B.  Documented lost wages and compensation to date  . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
C.  Documented property damages to date  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses  . . . . . . . . . . . $. . . . . . . . .
E.  Reasonably anticipated lost wages  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . .
F.  Other documented items of damages (describe)
                                                                              $. . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
                                                                              $. . . . . . . . .
                                                                    TOTAL: $. . . . . . . . .

A TRUE COPY
Attest: *Mary E Kenney*
Deputy Assistant Clerk
3/31/05

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):  . . .eement and Defendant has failed to account and pay over the prof
                                                            TOTAL   $. . . . . . 400.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with informatio about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record                                        DATE: 3/22/0

A.O.S.C. 2003

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence- | (F) |
| | Personal Injury/Property Damage | |
| B04 | Other negligence- | (F) |
| | personal injury/property damage | |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien &charges | (X) |
| C99 | Other (Specify) | (X) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency G L c 30A | (X) |
| E03 | Action against Commonwealth /Municipality, G L c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | G.L. c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G L c149,s.29,29a | (A) |
| E11 | Workers' Compensation | (X) |
| E12 | G.L.c.123A,s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| E15 | Abuse Petition, G L, c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | Forfeiture G.L.c. 94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [x] Yes [ ] No |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS.**

**SUPERIOR COURT
CIVIL ACTION
NO.0 5-502**

Dorel Steel Erection Corp.
            **Plaintiff**

            **Vs.**

Capco Steel Corp.
            **Defendant**

**And**
**Canam Steel Corp.**
            **Reach and Apply
            Defendant**

## TEMPORARY RESTRAINING ORDER

This action came before Murphy, J, ex parte,  Upon consideration,

### IT IS ORDERED THAT:

The Reach and Apply Defendant, Canam Steel Corp., is Temporarily Restrained from paying ,or in any way, withdrawing, assigning, encumbering, or alienating any of the funds due, or to become due, to the Defendant, Capco Steel Corp.

**UNTIL** ~~Wednesday~~, _THURSDAY_ ~~March 22~~, _31_ 2005 at 2:00 p.m..

By the Court (Murphy J.)

_George Benbe_
/Assistant Clerk

Entered: _MAR 22, 2005_

**A TRUE COPY**
Attest: _Mary E. Kinney_
**Deputy Assistant Clerk**
_3/3/1/05_

5.)

# COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no. NOCV2005-00502-D

Dorel Steel Erection Corporation )
  Plaintiff )
      vs. )
)
Capco Steel Corporation )
  Defendant )
      and )
Canam Steel Corporation )
  Reach and Apply Defendant )

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
3/30/05

### Certificate of Service

I, Charles A. Roberts, do hereby certify that I have mailed, postage prepaid, a copy of the foregoing to Counsel for the Defendant, Capco Steel Corporation:

Girard R. Visconti, Esq.
Visconti and Boren Ltd.
55 Dorrence Street
Providence, R.I. 02903-2219

_____

Charles A. Roberts

Dated:  March 29, 2005

A TRUE COPY
Attest: _Mary E. Kenney_
Deputy Assistant Clerk
3/31/05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                         OF THE TRIAL COURT
                                         Civil Action No. 05-00502

---

DOREL STEEL ERECTION CORPORATION,

     Plaintiff,

     v.

CAPCO STEEL CORPORATION,

     Defendant (Petitioner for Removal),

     and

CANAM STEEL CORPORATION,

     Reach-and-apply Defendant (Petitioner for
     Removal).

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), defendant Capco Steel Corporation and reach-and-apply

defendant Canam Steel Corporation hereby give notice to the Superior Court of Norfolk County,

Massachusetts and to Charles A. Roberts, Esq., counsel to the plaintiff, that they have filed a

Notice of Removal, thereby removing the above-captioned action to the United States District

Court for the District of Massachusetts.

the Clerk of the Norfolk Superior Court and served upon counsel for Dorel.

CAPCO STEEL CORPORATION,

By its attorney,

*Girard R. Visconti / MDV*

Girard R. Visconti
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (*telephone*)
(401) 421-9302 (fax)

CANAM STEEL CORPORATION,

By its attorney,

Michael D. Vhay (BBO # 566444)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: March 30, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice of Removal has been served upon counsel for all other parties by U.S. Mail on this 30 th day of March, 2005.

Michael D. Vhay

A TRUE COPY
Attest: *Mary E. Kenney*
Deputy Assistant Clerk
3/31/05

4

A copy of the Notice of Removal (but not its exhibit) is attached to this Notice.

CAPCO STEEL CORPORATION,

By its attorney,

*Girard R. Visconti /MDV*

Girard R. Visconti
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI  02903
(401) 331-3800 (*telephone*)
(401) 421-9302 (fax)

CANAM STEEL CORPORATION,

By its attorney,

Michael D. Vhay (BBO # 566444)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  March 30, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice of Filing of Notice of Removal has been served upon counsel for all other parties by U.S. Mail on this 70 th day of March, 2005.

Michael D. Vhay

- 2 -

defendants is a citizen of Massachusetts, and defendants, in good faith, believe that the amount in controversy exceeds $75,000.

B.    Diversity of Citizenship

5.    Plaintiff Dorel is a Massachusetts corporation with its principal place of business in Quincy, Massachusetts. Dorel is thus a citizen of the Commonwealth of Massachusetts.

6.    Defendant Capco is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Capco is thus a citizen of the State of Rhode Island.

7.    Reach-and-apply defendant Canam is a Delaware corporation with its principal place of business in Point of Rocks, Maryland. Canam is thus a citizen of the States of Delaware and Maryland, and there is complete diversity of citizenship between the plaintiff and the defendants in this action.

C.    Jurisdictional Amount

8.    Dorel's Verified Complaint alleges that Dorel "is owed at least $400,000.00 by Capco." Verified Complaint at ¶ 12. That amount well exceeds the minimum established under 28 U.S.C. § 1332.

D.    Notice to State Court

9.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal will be filed with

3

*6.0*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

I hereby certify ... ... ... ... copy of the
foregoing do ... ... ... ...
electron ... ... ... ...
electroni ... filed ... ...
original ... ... ...
Sarah ...
Cle ...
Dist ... Massachusetts

By:_____
Deputy Clerk

*5-502*

---

DOREL STEEL ERECTION CORPORATION,

Plaintiff,

v.

CAPCO STEEL CORPORATION,

Defendant (Petitioner for Removal),

and

CANAM STEEL CORPORATION,

Reach-and-apply Defendant (Petitioner for Removal).

**NOTICE OF REMOVAL**

*05 - 10627 WGY*

TO:   Civil Clerk's Office, United States District Court for the
      District of Massachusetts
      U.S. Courthouse
      One Courthouse Way
      Boston, MA 02110

      Clerk, Superior Court Department of the Trial Court
      Norfolk County Court House
      650 High Street
      Dedham, MA 02026

      Charles A. Roberts, Esq.
      Law Offices of Scott W. Wynn
      254 Main Street
      Charlestown, MA 02129

*3/31/05*
RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

Defendant Capco Steel Corporation ("Capco") and reach-and-apply defendant Canam

Steel Corporation ("Canam"; together with Capco, the "Defendants"), by their undersigned

attorneys, and pursuant to 28 U.S.C. § 1446, give notice that they remove the above-captioned

case presently pending in the Superior Court Department of the Trial Court of Norfolk County, Commonwealth of Massachusetts.

Removal is authorized by 28 U.S.C. § 1441 and is based upon the United States District Court's original jurisdiction over the case pursuant to 28 U.S.C. § 1332, because it is a civil action in which the parties are citizens of different states and, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Defendants state:

A.    Background

1.    This case was commenced on or about March 22, 2005, when plaintiff Dorel Steel Erection Corporation ("Dorel") filed a complaint in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Norfolk County. Copies of the process, pleadings, and orders served upon Defendants and the docket sheet in the Superior Court action are attached to this Notice as Exhibit 1.

2.    Capco was served with a Summons and Restraining Order and a copy of Dorel's Verified Complaint on or about March 24, 2005. Canam was served with the same materials on March 25, 2005. The time within which Defendants are allowed to remove this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1446, has not expired.

3.    Dorel's Verified Complaint asserts claims against Capco breach of contract and quantum meruit. The Verified Complaint asserts a reach-and-apply claim against Canam.

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the plaintiff and all defendants, none of the

2

# Commonwealth of Massachusetts
# NORFOLK SUPERIOR COURT
## Case Summary
## Civil Docket

## Dorel Steel Erection Corporation v Capco Steel Corporation

Details for Docket: NOCV2005-00502

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2005-00502 | **Caption:** | Dorel Steel Erection Corporation v Capco Steel Corporation |
| **Filing Date:** | 03/22/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 03/22/2005 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Most |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 05/11/2007 |
| **Service Date:** | 06/20/2005 | **Disposition:** | 03/21/2008 |
| **Rule 15:** | 06/15/2006 | **Rule 12/19/20:** | 08/19/2005 |
| **Final PTC:** | 11/07/2007 | **Rule 56:** | 07/10/2007 |
| **Answer Date:** | 08/19/2005 | **Jury Trial:** | NO |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | NOCV2005-00502 | **Caption:** | Dorel Steel Erection Corporation v Capco Steel Corporation |
| **Filing Date:** | 03/22/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 03/22/2005 | **Session:** | Non Jury-CtRm 8 |
| **Lead Case:** | NA | **Case Type:** | Construction dispute |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 05/11/2007 |
| **Service Date:** | 06/20/2005 | **Disposition:** | 03/21/2008 |
| **Rule 15:** | 06/15/2006 | **Rule 12/19/20:** | 08/19/2005 |
| **Final PTC:** | 11/07/2007 | **Rule 56:** | 07/10/2007 |
| **Answer Date:** | 08/19/2005 | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: NOCV2005-00502

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO.0 5-502

Dorel Steel Erection Corp.
                    Plaintiff

Vs.

Capco Steel Corp.
                    Defendant

And
Canam Steel Corp.

                    Reach and Apply
                    Defendant

## TEMPORARY RESTRAINING ORDER

This action came before Murphy, J, ex parte,  Upon consideration,

**IT IS ORDERED THAT:**

The Reach and Apply Defendant, Canam Steel Corp., is Temporarily Restrained from paying ,or in any way, withdrawing, assigning, encumbering, or alienating any of the funds due, or to become due, to the Defendant, Capco Steel Corp.

UNTIL ~~Wednesday~~, THURSDAY March ~~22~~ 31, 2005 at 2:00 p.m..


By the Court (Murphy, J.)

Entered: _MAR 22 2005_          /Assistant Clerk

A TRUE COPY

Attest: _____
~~Deputy~~ Assistant Clerk
3/22/05

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Capco Steel Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Plaintiff |
|---|---|---|---|
| **Last Name:** | Dorel Steel Erection Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Reach & Apply Defendant |
|---|---|---|---|
| **Last Name:** | Canam Steel Corporation | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

1 Attorneys Involved for Docket: NOCV2005-00502

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Roberts | **First Name:** | Charles A |
| **Address:** | 254 Main Street | **Address:** | P.O. Box 290009 |
| **City:** | Charlestown | **State:** | MA |
| **Zip Code:** | 02129 | **Zip Ext:** | |
| **Telephone:** | 781-729-4765 | **Tel Ext:** | |
| **Fascimile:** | 781-729-9329 | **Representing:** | Dorel Steel Erection Corporatic (Plaintiff) |

## Calendar Events

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

**SUPERIOR COURT**
**CIVIL ACTION**

NO.  05-502

DOREL STEEL ERECTION CORPORATION, *Plaintiff(s)*

v.

CAPCO STEEL CORPORATION, *Defendant(s)*

CANAM STEEL CORPORATION, Reach and Apply Defendant

## SUMMONS AND RESTRAINING ORDER

To the above-named Defendant:

You are hereby summoned and required to serve upon  Charles A.Roberts, Esq.of, Law Office of Scott W.Wynn                254 Main St, PO Box 290009
plaintiff's attorney, whose address is  Charlestown, MA 02129                , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Dedham — at Boston in the county of Suffolk, in the first session without jury of our said court on Thursday      for hearing on preliminary injunction      the  1st  day of March   A.D.x19 2005
at  2:00  P.M o'clock A.M., at which you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, WE COMMAND YOU, said Defendant   and your agents, attorneys and counsellors, and each and every one of them, to desist and refrain from

.............................................. (SEE ATTACHED) ...........................................................

............................................................................................................................

............................................................................................................................

............................................................................................................................

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at

the ........................... day of ..................... , in the year of our Lord one thousand

nine hundred and ninety

*[signatures]*

Clerk.

RECEIVED

2005:

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-30

1 Calendar Events for Docket: NOCV2005-00502

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status |
|-----|-------------|-------------|-----------------|------|--------------|
| 1 | 03/31/2005 | 14:00 | Motion/Hearing: order of notice | A | |

## Full Docket Entries

9 Docket Entries for Docket: NOCV2005-00502

| Entry Date: | Paper No: | Docket Entry: |
|-------------|-----------|---------------|
| 03/22/2005 | 1 | Complaint filed $275.00 entry fee paid |
| 03/22/2005 | | Origin 1, Type A12, Track A. |
| 03/22/2005 | 2 | Civil action cover sheet filed |
| 03/22/2005 | 3 | plff's motion for temporary restraining order-TRO granted under |
| 03/22/2005 | 3 | prayer B. O/N to issue on P.I.(see order)-returnable Thursday, March |
| 03/22/2005 | 3 | 31,2005 at 2:00P.M.(Murphy,J.) (90.00 fee paid) |
| 03/22/2005 | 4 | temporary restraining order(Murphy, J.) |
| 03/22/2005 | | average track notice sent to plff's attorney |
| 03/29/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |

By Its Attorney,

Charles A. Robert s, Esq.
BBO No. 422200
Law Offices of Sc tt W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA )2129
Telephone    (617  241-5544
Telefax       (617  242-7675

## The Commonwealth of Massachusetts

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: | Docket Number |
|---|---|---|

| PLAINTIFF(S) Corporation | DEFENDANT(S) Corporation *et al.* |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>MA 02129    (617)  241-5544      551063<br><br>Board of Bar Overseers number: | ATTORNEY (if known) |
|---|---|

### Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104
   (Before trial)                        (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript relief from judgment/
   Order Mass.R.Civ.P. 60)                                    (X)
[ ] 6. E10 Summary Process Appeal                              (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A12 | Construction dispute | ( ) | ( ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
**(Attach additional sheets as necessary)**

A.  Documented medical expenses to date:
 1. Total hospital expenses ................................................. $..............
 2. Total Doctor expenses ................................................. $..............
 3. Total chiropractic expenses ........................................... $..............
 4. Total physical therapy expenses ..................................... $..............
 5. Total other expenses (describe) ............................ Subtotal $..............

B.  Documented lost wages and compensation to date ................. $..............
C.  Documented property damages to date ................................ $..............
D.  Reasonably anticipated future medical and hospital expenses ...... $..............
E.  Reasonably anticipated lost wages ................................... $..............
F.  Other documented items of damages (describe)
                                                                        $..............

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

CEIVED                                                                  $..............
                                                                 TOTAL: $..............

2005

### CONTRACT CLAIMS
**(Attach additional sheets as necessary)**

Provide a detailed description of claim(s) agreement and Defendant has failed to account and pay over the profits.
                                                      TOTAL    $ 400,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 3/22/05

A.O.S.C. 2003

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no. 05-502

| | |
|---|---|
| Dorel Steel Erection Corporation | ) |
|   Plaintiff | ) |
|        vs. | ) |
| | ) |
| Capco Steel Corporation | ) |
|   Defendant | ) |
|        and | ) |
| Canam Steel Corporation | ) |
|   Reach and Apply Defendant | ) |

### Notice of Hearing for Plaintiff's Motion for Preliminary Injunction

1.  You are hereby notified that a Complaint has been filed in this Court by the Plaintiff seeking judgment against you.

2.  You are also hereby notified that a Motion has been filed by the Plaintiff for a Temporary Restraining Order, a copy of which is included herewith, by the Court.

3.  A copy of Motion for Preliminary Injunction with its appended Affidavit is herewith served upon you.

4.  Said Motion has been marked for hearing before the Court on March 31, 2005, at 2:00 p.m., in the motion session of the above-named court.

5.  You are entitled to appear at said time and place to be heard on the allowance or denial of this Motion.

6.  You are hereby informed that by appearing to be heard on this Motion for Preliminary Injunction you will not thereby submit yourself to the jurisdiction of the Court, nor waive service of the Summons and Complaint upon you in the manner provided for by law.

RECEIVED

MAR 25 2005

STEEL CORPORATION
STEEL DIVISION



RECEIVED

25 2005

CORPORATION
STEEL DIVISION

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.                                  Trial Court of the Commonwealth
                                              Superior Court Department
                                              Civil Action no.

| | |
|---|---|
| Dorel Steel Erection Corporation | ) |
|    Plaintiff | ) |
| | ) |
|       vs. | ) |
| | ) |
| Capco Steel Corporation | ) |
|    Defendant | ) |
|         and | ) |
| | ) |
| Canam Steel Corporation | ) |
|    Reach and Apply Defendant | ) |

**Verified Complaint**

**Count I - Breach of Contract**

1.    Dorel Steel Erection Corporation ("Dorel") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and maintains its principal place of business at 33 Fayette Street, Quincy, Massachusetts.

2.    Capco Steel Corporation ("Capco") is a corporation duly organized and existing under the laws of the State of Rhode Island and maintains its principal place of business at 33 Acorn Street, Providence, Rhode Island.

3.    In an agreement entitled "Memorandum of Understanding" ("the Contract") dated July 19, 2001, Capco entered into a contract with Dorel and two other parties: James F. Stearns Company ("Stearns") and Prime Steel Corporation ("Prime").

4.    This contract recited that Capco had entered into a subcontract with Canam Steel Corporation to perform certain construction work on a building identified therein as the "Boston Convention and Exhibition Center" ("the Project").

5.    It further recited that Capco was thereby entering into sub-subcontracts with Dorel, Stearns and Prime whereby each of the four companies (Capco, Dorel, Stearns and Prime) would perform one-quarter of the work of the Canam/Capco subcontract on the Project in exchange for $8,750,000.00 each.

6.    Pursuant to paragraph 4.3 of the Contract, Capco was to be the "Administrative Project Manager" of the Project.

PAGE  12
SCOTT W WYNN
03/28/2005  14:12     6172427675

Signed this ___23rd___ day of ___March___, 2005,

under pain and penalties of perjury.

_John Murphy Sr._

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

7.  Pursuant to paragraph 3 of the Contract all laborers on the Project were to be employees of Capco.

8.  Pursuant to paragraph 6 of the Contract, Capco was to keep the books and records for the Project. Pursuant to subparagraph 6.1, an audit was to be made at the completion of the Project.

9.  Pursuant to paragraph 7 of the Contract, interm distributions were to be made for expenses and at the conclusion of the Project profits or losses were to be determined and apportioned and paid within sixty days of the completion of the Project.

10. Dorel has completed its work upon the project and, upon information and belief, so have the other sub-subcontractors. More than sixty days have elapsed since final completion.

11. Capco has refused or neglected to provide a full and final accounting to Dorel.

12. According to incomplete accountings provided by Capco to Dorel, Dorel believes that it is owed at least $400,000.00 by Capco.

Wherefore, Dorel Steel Erection Corporation demands an accounting from Capco Steel Erection Corporation and judgment for the appropriate amount pursuant to their agreement.

## Count II - *Quantum Meruit*

13. Paragraphs one through ten of Count I are republished herein as though written out in full.

14. Dorel delivered certain goods to and performed certain services for Capco on the Project, which accepted and made use of same.

15. Client is therefore entitled to recover said sum from Capco on the theory of *quantum meruit*.

Wherefore, Dorel demands judgment from Capco in the amount of its damages plus costs and interest.

## Count Three — Reach and Apply Relief

16. The Reach and Apply Defendant, Canam Steel Corporation, ("Canam") is an corporation organized and existing under the laws of the State of Delaware and maintains a place of business at 4010 Clay Street, P.O. Box C-285, Point of Rocks, MD 21777.

2

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

| | |
|---|---|
| Dorel Steel Erection Corporation<br>  Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| Capco Steel Corporation<br>  Defendant<br>        and | ) <br> ) <br> ) <br> ) |
| Canam Steel Corporation<br>  Reach and Apply Defendant | ) <br> ) |

Affidavit in Support of
Plaintiff's Motion for Preliminary Injunction

Now comes the below-signed affiant and under pain and penalties of perjury does depose and say:

1.    I am the president of the Plaintiff in this action.

2.    The Defendant owes the Plaintiff the amount sought in the Verified Complaint herein.

3.    I am unaware and do not believe that there is any liability insurance which may be available to pay any part of this amount.

4.    To the best of my knowledge, information, and belief, the Defendant has no valid defense to this action, and there is a reasonable likelihood that the Plaintiff will recover judgment, including costs and interest, in at least the amount of the attachment.

5.    To the best of my knowledge, information, and belief, there is a clear danger that the Defendant, if notified in advance of the attachment, will withdraw his funds from the custody and possession of the Trustee and will conceal or dissipate them. In support of this contention, the Plaintiff states that the Defendant has refused or neglected to pay the amount demanded by the Plaintiff despite numerous demands.

17.  According to the records of the Department of Corporations of the Secretary of the Commonwealth, Canam has registered to do business within the Commonwealth and has designated CT Corporation System of 1010 Federal Street, Boston, MA 02110, as its Resident Agent to accept service of process.

18.  The Plaintiff is informed and believes that Capco is or will become owed money from Canam for the Project and possibly on other projects. Said assets are not subject to attachment or to be taken on execution.

19.  Pursuant to G.L. c. 213, §3(6), the Plaintiff seeks to reach and apply any such funds due or to become due from Canam.

20.  The Plaintiff is reliably informed and believes that Capco has failed or refused to pay other suppliers of labor and/or materials on this and other projects and knows that Capco has failed or refused to pay Dorel on this and several other projects.

21.  The Plaintiff would suffer immediate and irreparable injury, loss, or damage should the temporary restraining order/preliminary injunction sought herein is not granted.

22.  The Plaintiff does not have an adequate remedy at law.

Wherefore, the Plaintiff prays that this Honorable Court provide the following relief.

A.  enter judgment for Dorel Steel Erection Corporation against Capco Steel Corporation in the amount of $400,000.00 or in such other sum as determined by the Court;

B.  issue a temporary restraining order prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation;

C.  after notice and hearing, issue a preliminary injunction prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation;

D.  determine the amount due from Capco Steel Corporation to Dorel Steel Erection Corporation to be $400,000.00 or such other sum as determined by the Court plus costs and attorney's fees;

E.  order that said amount be reached and applied in satisfaction of the indebtedness from Capco Steel Corporation to Dorel Steel Erection Corporation.

3

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

| | |
|---|---|
| Dorel Steel Erection Corporation<br>　Plaintiff | ) |
| | ) |
| | ) |
| 　　　　vs. | ) |
| | ) |
| Capco Steel Corporation<br>　Defendant | ) |
| 　　　　and | ) |
| | ) |
| Canam Steel Corporation<br>　Reach and Apply Defendant | ) |

### Motion for Preliminary Injunction

Now comes the Plaintiff in the above-captioned action, pursuant to Rule 65 of the Massachusetts Rules of Civil Procedure, and respectfully moves this Honorable Court to order prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation, up to a limit of $400,000.00

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone　(617) 241-5544
Telefax　　(617) 242-7675



**RECEIVED**

MAR 25 2005

CORPORATION
STEEL DIVISION

F.    for such further relief as to the Court may seem meet and just.

## Verification

I, John Murphy, Sr., do hereby swear under pain and penalties of perjury that I am the president Plaintiff herein, that I have read the foregoing Complaint, and that the allegations contained therein are true to the best of my knowledge, information, and belief.

Signed this _21st_ day of _March_, 2005.

_[signature]_

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

Commonwealth of Massachusetts                    _March 21_, 2005
County of Norfolk, SS.

Then personally appeared the above-named individual and made oath that the statements contained herein are true to the best of his knowledge, information, and belief.

_[signature]_

Notary Public
My Commission Expires:

_8/14/09_

4

Signed this ___21st___ day of ___MARCH___, 2005,

under pain and penalties of perjury,

*John Murphy Sr.*

John Murphy, Sr.,
President of Dorel Steel Erection Corporation

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone     (617) 241-5544
Telefax         (617) 242-7675

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.                                         Trial Court of the Commonwealth
                                                     Superior Court Department
                                                     Civil Action no.

| | |
|---|---|
| Dorel Steel Erection Corporation | ) |
|   Plaintiff | ) |
| | ) |
|       vs. | ) |
| | ) |
| Capco Steel Corporation | ) |
|   Defendant | ) |
|       and | ) |
| | ) |
| Canam Steel Corporation | ) |
|   Reach and Apply Defendant | ) |

### Affidavit in Support of
### Plaintiff's Motion for Temporary Restraining Order

Now comes the below-signed affiant and under pain and penalties of perjury does depose and say:

1.  I am the president of the Plaintiff in this action.

2.  The Defendant owes the Plaintiff the amount sought in the Verified Complaint herein.

3.  I am unaware and do not believe that there is any liability insurance which may be available to pay any part of this amount.

4.  To the best of my knowledge, information, and belief, the Defendant has no valid defense to this action, and there is a reasonable likelihood that the Plaintiff will recover judgment, including costs and interest, in at least the amount of the attachment.

5.  To the best of my knowledge, information, and belief, there is a clear danger that the Defendant, if notified in advance of the attachment, will withdraw his funds from the custody and possession of the Trustee and will conceal or dissipate them. In support of this contention, the Plaintiff states that the Defendant has refused or neglected to pay the amount demanded by the Plaintiff despite numerous demands.

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone    (617) 241-5544
Telefax      (617) 242-7675

5

# COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

Trial Court of the Commonwealth
Superior Court Department
Civil Action no.

05  00602

Dorel Steel Erection Corporation                    )
  Plaintiff                                         )
                                       )
              vs.                                 )
                                        )
Capco Steel Corporation                             )
  Defendant                                        )
             and                                  )
                                        )
Canam Steel Corporation                             )
  Reach and Apply Defendant                        )

## Motion for Temporary Restraining Order

Now comes the Plaintiff in the above-captioned action, pursuant to Rule 65 of the Massachusetts Rules of Civil Procedure, and respectfully moves this Honorable Court to order prohibiting the reach and apply defendant, Canam Steel Corporation from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or to become due to the Defendant, Capco Steel Corporation, up to a limit of $400,000.00

By Its Attorney,

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone     (617) 241-5544
Telefax       (617) 242-7675

*[Handwritten in left margin, rotated:]* T.R.O. granted under Krupp D. 3/0/N to issue in P/I. (See order) (returnable Thurs. Mar 31, 2005 at 2:00 p.m.) Brust Brush 3/22/05

RECEIVED

MAR 25 2005

CANAM STEEL CORPORATION
STEEL DIVISION