UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOREL STEEL ERECTION CORPORATION :
:
vs. : C.A. No. 05-10627-WGY
:
CAPCO STEEL CORPORATION :

and :
:
CANAM STEEL CORPORATION
Reach and Apply Defendant :

## ANSWER ON BEHALF OF
## CAPCO STEEL CORPORATION

Now comes the defendant, Capco Steel Corporation, and by and through its Attorneys answers the plaintiff's verified complaint as follows:

### Count One - Breach of Contract

1. Defendant neither admits nor denies the allegations contained in paragraph one of plaintiff's complaint, but leaves plaintiff to its proof thereon.

2. Defendant admits the allegations contained in paragraph two of plaintiff's complaint.

3. Defendant agrees as to a "Memorandum of Understanding", but leaves plaintiff to its proof thereon as to the date of said agreement. Further answering, defendant states that the Memorandum of Understanding included Capco, Dorel, Stearns and Prime.

4. Defendant admits the allegations contained in paragraph four of plaintiff's complaint.

5. Defendant admits the allegations contained in paragraph five of plaintiff's complaint.

6.  Defendant admits the allegations contained in paragraph six of plaintiff's complaint.

7.  Defendant admits the allegations contained in paragraph seven of plaintiff's complaint.

8.  Defendant admits the allegations contained in paragraph eight of plaintiff's complaint.

9.  Defendant admits the allegations contained in paragraph nine of plaintiff's complaint, but denies that net profits were to be paid within sixty days of the completion of the project. Defendant further states that net distributions were paid to all of the "partners", including Dorel at an earlier time than was required by the Memorandum of Understanding, and states that the project, having been completed, the accounting has not been finalized with Canam

10. Defendant admits the allegations contained in paragraph ten of plaintiff's complaint, except that the project has been completed as to construction but not as to accounting with Canam and Canam's General Contractor, Clark/Hunt/Berry.

11. Defendant denies the allegations contained in paragraph eleven of plaintiff's complaint.

12. Defendant denies the allegations contained in paragraph twelve of plaintiff's complaint.

**WHEREFORE**, defendant, Capco Steel Corporation, demands the plaintiff's complaint be dismissed and Capco awarded its costs.

### *Count Two - Quantum Meruit*

13. Defendant restates and realleges the answers contained in paragraphs one through twelve of Count One of plaintiff's complaint and hereby incorporates by reference those answers into Count Two as though fully stated herein.

14. To the best of this defendant's knowledge Dorel's goods and services were delivered and accepted by Canam subject to any backcharges from Canam and from Canam to the General Contractor.

15. Defendant denies the allegations contained in paragraph fifteen of plaintiff's complaint, except that monies due the plaintiff cannot be determined as of this date since defendant has not received the final accounting on the project from Canam.

**WHEREFORE**, defendant, Capco Steel Corporation, demands the plaintiff's complaint be dismissed and Capco awarded its costs.

### *Count Three - Reach and Apply Relief*

Defendant restates and realleges the answers contained in paragraphs one through fifteen of Counts One and Two of plaintiff's complaint and hereby incorporates by reference those answers into Count Three as though fully stated herein.

16. To the best of its knowledge the defendant believes the allegations contained in paragraph sixteen of plaintiff's complaint to be correct, but leaves plaintiff to its proof thereon. It is further believed by defendant that Canam also has a place of business in the Commonwealth of Massachusetts.

17. Defendant neither admits nor denies the allegations contained in paragraph seventeen of plaintiff's complaint, but leaves plaintiff to its proof thereon.

Defendant states that it has no other contracts with Canam and has completed all of its contract.

18. Defendant neither admits nor denies the allegations contained in paragraph nineteen of plaintiff's complaint, but leaves plaintiff to its proof thereon.

19. Defendant denies the allegations contained in paragraph twenty of plaintiff's complaint.

20. Defendant denies the allegations contained in paragraph twenty-one of plaintiff's complaint.

21. Defendant denies the allegations contained in paragraph twenty-two of plaintiff's complaint.

**WHEREFORE**, defendant, Capco Steel Corporation, demands the plaintiff's complaint be dismissed and Capco awarded its costs.

### First Affirmative Defense

This defendant states that no monies are due and owing plaintiff in that this defendant has not resolved the accounting on the project with Canam. This defendant further states that defendant has given plaintiff a weekly accounting report from the beginning of the project.

**WHEREFORE**, defendant, Capco Steel Corporation, demands the plaintiff's complaint be dismissed and Capco awarded its costs.

Defendant,
**CAPCO STEEL CORPORATION**
By their Attorneys,

_____
Girard R. Visconti (BBO #510200)
David M. Campbell (BBO# 645512)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 Fax

## CERTIFICATION

I, the undersigned, hereby certify that on the 12th day of April, 2005, I mailed a true copy of the within document by regular, first-class mail, postage prepaid, to the following:

Charles A. Roberts, Esq.
Law Offices of Scott W. Wynn
254 Main Street
P.O. Box 290009
Charlestown, MA 02129

Michael D. Vhay, Esq.
DLA Piper Rudnick Grary Cary US LLP
One International Place, 21st Floor
Boston, MA 02110-2613

_____

5