UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DOREL STEEL ERECTION CORPORATION**<br>Plaintiff<br><br>vs.<br><br>**CAPCO STEEL CORPORATION**<br>Defendant<br><br>and<br><br>**CANAM STEEL CORPORATION**<br>Reach and Apply Defendant | C.A. No. 05-10627WGY |

## CAPCO STEEL CORPORATION'S
## SUPPLEMENTAL STATEMENT
## TO THE JOINT STATEMENT FOR
## INITIAL SCHEDULING CONFERENCE

Defendant, Capco Steel Corporation ("Capco") files a Supplemental Statement to the Joint Statement for Initial Scheduling Conference that was filed with this Honorable Court. Capco hereby supplements that statement as follows:

I. Introduction

The action was originally commenced in the Norfolk County Superior Court and thereafter was removed to this Honorable Court by reach and apply defendant, Canam Steel Corporation ("Canam").

The plaintiff, Dorel Steel Erection Corporation ("Dorel"), entered into an agreement with Capco dated July 19, 2001 in relation to the project known as the Boston Convention and Exhibition Center. Capco entered into an agreement with Canam, who entered into an agreement with a general contractor known as Clark/Hunt/Berry ("Clark"). Capco's subcontract with Canam resulted in a Memorandum of Understanding amongst Capco, Dorel and two other subcontractors, namely Stearns and Prime.

Dorel has commenced an action against Capco for breach of contract Count I, quantum meruit Count II and a reach and apply action against Canam Count III. It is the position of Capco that since the inception of the project, Capco gave Dorel and the other subcontractors an accounting of the project on a weekly basis. Capco has also paid Dorel and the other subcontractors a pro rata share of the net income since the inception of the project.

It is the position of Capco that it has been negotiating with Canam to "close out the project" and Canam has been in turn negotiating with the general contractor, Clark.

II.     Subject Matter Jurisdiction

At the time of filing its answer, Capco could not locate the agreement between the parties. As of this date, Capco located a copy of the agreement with one of the parties to the Memorandum of Understanding, namely the James F. Stearns Company, Inc. The agreement was signed by Capco, Dorel, Stearns and Prime Steel.

Section 12.9 "Governing Law" of that agreement states:

"This Agreement shall be construed and enforced in accordance with the laws of the State of Rhode Island. In any litigation connected with this Agreement, the parties hereto hereby consent to and confer jurisdiction on the courts of the State of Rhode Island, United States of America and on the United States District Court for the District of Rhode Island, and hereby expressly waive any objections to venue in any such courts. THE PARTIES HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION BROUGHT ON OR WITH RESPECT TO THIS AGREEMENT OR ANY OTHER AGREEMENTS EXECUTED IN CONNECTION THEREWITH."

Demand has been made upon Charles A. Roberts, as attorney for Dorel, to dismiss the within lawsuit without prejudice since this Honorable Court does not have subject matter jurisdiction and any claims by Dorel against Capco should be litigated in the Rhode Island courts.

**RESPECTFULLY SUBMITTED,**

CAPCO STEEL CORPORATION
By its Attorneys,

_____
Girard R. Visconti, BBO #510200
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 fax

## CERTIFICATION

I, the undersigned, hereby certify that on the 3rd day of May, 2005, I mailed a true copy of the within document to the following:

Charles A. Roberts, Esq.
Law Offices of Scott W. Wynn
254 Main Street
P.O. Box 290009
Charlestown, MA 02129

Michael D. Vhay, Esq.
DLA Piper Rudnick Grary Cary US LLP
One International Place, 21st Floor
Boston, MA 02110-2613

_____