United States District Court
District of Massachusetts

| | |
|---|---|
| Dorel Steel Erection Corporation<br>  Plaintiff<br>         vs.<br><br>Capco Steel Corporation<br>  Defendant<br>         and<br>Canam Steel Corporation<br>  Reach and Apply Defendant | )<br>)<br>)<br>)<br>)   Civil Action no. 05-10627 WGY<br>)<br>)<br>)<br>)<br>) |

**Memorandum of Dorel Steel Erection Corporation in
Opposition to the Motion of Capco Steel Corporation
to Dismiss Complaint**

**Factual Basis**

Capco Steel Corporation ("Capco") has filed a Motion to Dismiss the Complaint based upon a clause in a contract Dorel Steel Erection Corporation ("Dorel") and two other parties signed with respect to the construction project[1]. All four of the parties to the contract in question except Capco have their places of business in Massachusetts, the Project (the Massachusetts Convention Center), was in Massachusetts, and the Reach and Apply Defendant, Canam Steel Corporation ("Canam"), opened an office here in Massachusetts for this Project. In other words, only Capco has any connection with Rhode Island and Canam was not a signatory to the contract. Dorel also points out that Capco came to Massachusetts only from a contiguous state to perform its work on the Project. It should also be pointed out that Capco drafted the contract.

---

[1] This Agreement shall be construed and enforced in accordance with the laws of the State of Rhode Island. In any litigation connected with this Agreement, the parties hereto hereby consent to and confer jurisdiction on the courts of the State of Rhode Island, United States of America and on the United States District Court for the District of Rhode Island, and hereby expressly waive any objections to venue in any such courts. THE PARTIES WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION BROUGHT ON OR WITH RESPECT TO THIS AGREEMENT OR ANY OTHER AGREEMENTS EXECUTED IN CONNECTION THEREWITH.

**Argument**

The courts have interpreted such forum selection clauses as being either exclusive or permissive. A clause which requires a particular exclusive jurisdiction must be clear and absolute. A clause which may permit jurisdiction in a given jurisdiction but without requiring it is permissive. The rule is that the scrivener of the clause is strictly responsible for its drafting with any ambiguity being interpreted against that party (See cases cited below).

The clause cited by Capco provides jurisdiction in the state or federal courts of Rhode Island, but there is no language that gives Rhode Island exclusive jurisdiction to the exclusion of other appropriate jurisdictions. i.e. Massachusetts. Dorel would agree that Rhode Island law applies to the interpretation of the underlying agreement and that the Rhode Island courts may have jurisdiction to hear this case, but that is all the clause requires: it does not create exclusive jurisdiction in Rhode Island.

In *Boutari v. Attiki Importers,* 22 F.3d 51 (1994) interpreted a document which contained the following:

> This Agreement shall be governed and construed according to the Laws of Greece. Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically on the Thessaloniki Courts.

The Court held that "when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive". *Id.* at 52. It held that "Although the word "shall" is a mandatory term, here it mandates nothing more than that the [Greek Courts] have jurisdiction. *Id.* at 53. In other words, had the phrase read: "This Agreement shall be **exclusively** governed and construed ...", then the Greek Courts would have had exclusive jurisdiction, but, as in the case at bar, that was not the situation.

In *Trans National Travel, Inc. v. Sun Pacific International, Inc.,* 10 F.Supp.2d 79 (1998), the District Court here in Massachusetts interpreted a foreign selection clause which read: "3.1 Charterer and Carrier agree that the laws of the State of Arizona shall govern the interpretation of

2

this Agreement.  Further the parties hereto consent to jurisdiction and venue in Pima County, State of Arizona"  Although the Court first pointed out that trial of the case would be difficult for both parties as it would either be in Arizona or in Massachusetts (which is different from the situation between Rhode Island and Massachusetts), it held that "An agreement conferring jurisdiction in one forum should not be interpreted as excluding jurisdiction in one forum elsewhere unless it contains specific language of exclusion."  *Id.*  at 82.  The Court further pointed out that under the federal transfer statute, 28 U.S.C. §1404, it should consider (a) the convenience of the parties; (b) the convenience of the witnesses; and (c) the interest of justice.  It further cited the holdings of *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir.1995) in stating that the plaintiff's choice of forum is entitled to great weight and "shall not be lightly disturbed".  *Id.* at 879.

One of the cases cited by the moving party, *K&V Scientific Co., Inc. v. Bayerische Motoren Werke Akteingesellschaft,* 314 F.3d 494 (2002) cited several examples of permissive clauses; the examples of permissive jurisdiction cited there are:

The *Boutari* case cited above.

"The laws and court of Zurich are applicable."  *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127 (5th. Cir. 1994)

"The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."  *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 76 (9th Cir. 1987).

"Place of jurisdiction is Sao Paulo/Brazil."  *Citro Florida,* 760 F.2d at 1231 (concluding phrase was ambiguous and, when construed against drafter, was permissive).

"This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York."  *Keaty,* 503 F.2d at 956 (concluding phrase was ambiguous and, when construed against drafter, was permissive).

"This agreement shall be governed by and construed in accordance with the laws of the Federal Republic of Germany. * * * Place of jurisdiction shall be Dresden."

    *Hull 753 Corp. v. Elbe Flugzeugweke GmbH,* 58 F.Supp.2d 925, 926 (N.D.Ill. 1999).

It might further be noted that in *K&V Scientific Co., Inc.* the forum phrase was: "Jurisdiction for all and any disputes arising out of or in connection with this agreement is Munich. All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany."; the Circuit Court held this to be "permissive".     Based upon the permissive language of the forum selection clause, Dorel selected the Massachusetts Courts[2] because of all four parties to the contract, only Capco had a Rhode Island base, the Project was here in Massachusetts, the witnesses are here in general. Furthermore, although Canam was not a party to the contract, it is an essential party to this case, and, as far as Dorel knows, has no contact with Rhode Island; therefore, Canam might well have raised these same objections because it was not contractually bound. In addition, the travel time from Rhode Island to Massachusetts is relatively short, shorter in fact that if the case had originated even within the Commonwealth.

---

[2] The Plaintiff originally filed this action in the Superior Court at Norfolk County, Massachusetts; the Reach and Apply Defendant removed the case to this court.

In closing, Plaintiff herein would point out that in interpreting the forum selection clause in question, the moving party (Capco) has the burden of proof, Dorel's choice of forum is to be given great weight, as the contract was written by Capco any ambiguities are to be construed against it, all of the parties except Capco are domiciled in Massachusetts except Canam, which did not sign the contract, and the Project was in Massachusetts.  The clause itself confers jurisdiction upon Rhode Island but does not **exclusively** require it.  The Court ought to deny Capco's motion.

Dorel Steel Erectors Corporation,
By Its Attorney,

_____

Charles A. Roberts, Esq.
Law Offices of Scott W. Wynn
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone    (617) 241-5544
Telefax       (617) 242-7675

United States District Court
District of Massachusetts

| | | |
|---|---|---|
| Dorel Steel Erection Corporation ) | | |
|   Plaintiff ) | | |
|        vs. ) | | |
| ) | | |
| Capco Steel Corporation ) | Civil Action no. 05-10627 WGY | |
|   Defendant ) | | |
|        and ) | | |
| Canam Steel Corporation ) | | |
|   Reach and Apply Defendant ) | | |

Certificate of Service

    I, Charles A. Roberts, do hereby certify that I have filed electronically and mailed, postage prepaid, a copy of the foregoing to Counsel for the Defendant, Capco Steel Corporation:

        Girard R. Visconti, Esq.
        Visconti and Boren Ltd.
        55 Dorrence Street
        Providence, R.I. 02903-2219

        and to

        Michael D. Vhay, Esq.
        DLA Piper Rudnick Gray Cary
        One International Place, 21st. Floor
        Boston, MA 02110-2613

_____

        Charles A. Roberts

Dated: 6/16/2005