# United States District Court
# District of Massachusetts

DOREL STEEL ERECTION CORPORATION,
    Plaintiff,

    v.                                CIVIL ACTION NO. 05-10627-RBC

CAPCO STEEL CORPORATION,
    Defendant,

CANAM STEEL CORPORATION,
    Reach and Apply Defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS (#19)

COLLINGS, U.S.M.J.

### I. Introduction

On or about June 8, 2005, Capco Steel Corporation ("the defendant") moved to dismiss without prejudice Dorel Steel Erection Corporation's ("the plaintiff") three-count breach of contract action filed in Massachusetts pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be

granted. The defendant argued that the forum selection clause included in the parties' agreement titled "Memorandum of Understanding" (the "contract") provided that the forum for litigation could only be in a Rhode Island state or district court (#19). The defendant also filed a memorandum in support of its motion to dismiss on that date (#20). On June 16, 2005, the plaintiff filed a memorandum in opposition to the defendant's motion (#21), arguing that the forum selection clause in the contract was "permissive," not "exclusive," and therefore, that this suit was properly filed in Massachusetts. For the reasons discussed below, the defendant's motion to dismiss shall be denied.

## II. The Facts[1]

On or about July 19, 2001, four parties, including the plaintiff and the defendant, entered a contract relating to a construction project referred to as "Boston Convention and Exhibition Center" (#3 ["State Court Record"], Ex. 2). The contract provided that the plaintiff would be a subcontractor of the defendant in the construction project (Canam Steel Corporation and the two other parties to the contract were the other subcontractors) and would perform one-quarter of the work in exchange for $8,750,000 (*Id.*). Section 12.9 of the

---

[1] I will recount only those facts relevant for analyzing the defendant's motion to dismiss (#19).

contract was titled "Governing Law" and included the following provision:

> This Agreement shall be construed and enforced in accordance with the laws of the State of Rhode Island. In any litigation connected with this Agreement, the parties hereto hereby consent to and confer jurisdiction on the courts of the State of Rhode Island, United States of America and on the United States District Court for the District of Rhode Island, and hereby expressly waive any objections to venue in such courts. THE PARTIES HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION BROUGHT ON OR WITH RESPECT TO THIS AGREEMENT OR ANY OTHER AGREEMENTS EXECUTED IN CONNECTION THEREWITH.

(#20, pp. i-ii)(emphasis in original).

The plaintiff filed a three-count complaint in Massachusetts Superior Court on or about March 21, 2005 alleging that it was not paid in full for its services and requesting relief for (I) breach of contract, (II) quantum meruit, and (III) reach and apply (*Id.*). The complaint was subsequently removed to this Court by the defendant and Canam Steel Corporation on March 30, 2005.

The defendant moved to dismiss the plaintiff's complaint for failure to state a claim on or about June 8, 2005, arguing that the plaintiff should have filed its complaint in a Rhode Island state or federal district court, as required

by the forum selection clause included as part of the contract (#20, p. iv).[2] The plaintiff asserts in opposition that the clause is "permissive," not "mandatory," entitling it to bring suit in Massachusetts, the state in which almost all parties in the litigation have their principal places of business (#21, pp. 1-2).

### III. Analysis

The main dispute in this case is whether the contract's forum selection clause is "mandatory," requiring this suit to be brought in Rhode Island, or "permissive," allowing this suit to be brought in Rhode Island but also in any other court that has personal jurisdiction over the parties. Both parties agree that Rhode Island law should apply to the issue of whether the forum selection clause is "mandatory" or "permissive" because the contract provides that it "shall be construed and enforced in accordance with the laws of the State of Rhode Island" (#20, pp. i-ii), and, absent a "substantial Massachusetts public policy reason," Massachusetts courts apply the law of the state selected by the parties when analyzing the effect of a forum selection clause. *Jacobson v. Mail Boxes Etc. USA, Inc.*, 419 Mass. 572, 575, 646 N.E.2d 741, 744 (1995). Here,

---

[2] That defendant designated its motion to dismiss as one pursuant to Fed. R. Civ. P. 12(b)(6) is proper because it seeks to have the case brought in another jurisdiction on the basis that no claim has been stated in this Court in light of the forum selection clause; the motion does not challenge venue or this Court's subject matter jurisdiction. *See LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 7 (1 Cir., 1984).

there is no substantial public policy reason to apply Massachusetts law, rather than Rhode Island law, on the issue of forum selection.

Rhode Island law on the subject of forum selection clauses is sparse. However, Rhode Island case law does provide that parties can agree on a forum for litigation provided that the chosen jurisdiction "has a real relation to the contract." *Owens v. Hagenback-Wallace Shows Co.*, 58 R.I. 162, 164, 192 A. 158 (1937), *reargument denied,* 58 R.I. 268, 192 A. 464 (1937). Both parties agree that Rhode Island is a proper state on which jurisdiction can be conferred – the defendant is a Rhode Island corporation with its principal place of business located in Providence, Rhode Island (#20, p. iii). In other words, Rhode Island has a real relation to the contract.

Rhode Island case law also specifically holds that "courts [should] employ the standard principles of contract law" when interpreting the language of forum selection clauses. *DeCesare v. Lincoln Benefit Life Co.*, 852 A.2d 474, 482 (R.I., 2004). "[T]hese principles include the familiar maxims that unambiguous terms will be given their plain and ordinary meaning." *Id.,* citing *Perry v. Garey*, 799 A.2d 1018, 1023 (R.I., 2002), citing *Dubis v. East Greenwich Fire District,* 754 A.2d 98, 100 (R.I., 2000). "[A] contract is ambiguous only when it is reasonably and clearly susceptible of more than one

interpretation." *Samos v. 43 East Realty Corp.,* 811 A.2d 642, 643 (R.I., 2002) quoting from *Paradis v. Greater Providence Deposit Corp.,* 651 A.2d 738, 741 (R.I., 1994), citing *W.P. Associates v. Forcier, Inc.,* 637 A.2d 353, 356 (R.I., 1994).

Thus, it is necessary first to determine whether the forum selection clause in the instant contract is ambiguous. The relevant part of the forum selection clause states that "[i]n any litigation connected with [the contract], the parties...consent to and confer jurisdiction on" Rhode Island state and federal district courts and "waive any objections to venue in such courts." The first phrase is not ambiguous because the only reasonable interpretation to which it is susceptible is that the parties to the contract are agreeing to allow each other to litigate in Rhode Island courts for matters connected to the contract. This phrase does not explicitly exclude the courts of other states, nor is there any language mandating that all litigation take place in Rhode Island or that the parties to the contract litigate only in Rhode Island in connection with the contract.

Similarly, the second phrase which says that the parties "waive any objections to venue in [Rhode Island] courts" also is unambiguous. The only reasonable interpretation of this phrase is that the parties to the contract agree

not to object to any litigation brought within Rhode Island on the basis of venue. Therefore, no part of the forum selection clause is ambiguous.

It is clear, therefore, that the plain and ordinary meaning of the forum selection clause indicates that the clause is permissive in nature rather than mandatory. "'To be mandatory, a forum selection clause must contain language that clearly designates a forum as the exclusive one'." *Trans Nat'l Travel, Inc. v. Sun Pac Int'l Inc.*, 10 F. Supp.2d 79, 82 (D. Mass., 1998), quoting from *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9 Cir., 1995). "Permissive" forum selection clauses "act to confer jurisdiction in a forum over disputes arising out of a contract. These clauses do not include exclusionary language that designates a specific forum to settle claims." *Action Corp. v. Toshiba America Consumer Products, Inc.*, 975 F. Supp. 170, 176 (D.P.R., 1997). To say that a forum selection clause is "permissive" does not mean that it is "effectively read out of the contract." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n. 24 (11 Cir., 1999). It only means that the forum selection clause does not prohibit a party from bringing suit in another appropriate forum. *Snapper,* 171 F.3d at 1262 n. 24.

Although there are no Rhode Island cases on point, similar forum selection clauses in other jurisdictions have also been deemed "permissive."

For instance, in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9 Cir., 1987), the court deemed the following forum selection clause to be "permissive": "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of this contract." *Id.* at 76. This clause is almost identical to the clause at hand with respect to phrasing, with both clauses making reference to "any"[3] litigation and conferring jurisdiction on a particular state without language rendering that state the exclusive forum.

Additionally, in *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.*, 22 F.3d 51 (2 Cir., 1994) the parties' contract contained the following clause: "Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts." *John Boutari and Son, Wines and Spirits, S.A.*, 22 F.3d at 52. The court deemed the clause to be "permissive," reaffirming the general rule applied in many circuits that "'[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive'."

---

[3] Interestingly, the defendant appears to argue that the employment of the word "any" suggests that the clause is "mandatory."

*Id.*, quoting from *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9 Cir., 1989).

The parties in the case at hand could have made the forum selection clause "mandatory" had they added such excluding language. The clause could have, for example, provided that the parties consent to confer jurisdiction "solely" or "only" or "exclusively" on the courts of the state of Rhode Island, or that "all" litigation "must" be brought within the state of Rhode Island. Forum selection clauses which employ terms such as these have been deemed "mandatory." *See, e.g., Lambert v. Kysar*, 983 F.2d 1110, 1112-13 (1 Cir., 1993)(forum selection clause stating "[i]n the event any action is brought to enforce [such] terms and conditions, venue shall lie exclusively in Clark County, Washington" was deemed "mandatory"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.* 741 F.2d 273, 275, 280 (9 Cir., 1984)(forum selection clause stating that "...any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)..." was deemed "mandatory"). However, because the parties in the case at bar did not include language in the clause to the effect that Rhode Island was the only forum in which claims could be brought, the clause must be interpreted to be "permissive."

The defendant makes a secondary argument that the forum selection clause should be interpreted as "mandatory" because "if the parties were allowed to bring suit in any other jurisdiction, there would be no reason to state that objections to venue [in Rhode Island] are waived." (#20, p. vi)  However, a reason that the parties to the contract might have chosen to include a provision stating that objections to venue in Rhode Island are waived was that they wanted to ensure that parties to the contract would always have the option to litigate in Rhode Island without the possibility of another party objecting.  In fact, it makes more sense that this provision would have been included as part of a "permissive" forum selection clause – if Rhode Island were the only state in which parties to the contract could bring suit, there would be no need for the parties to waive objections to litigation there.  The defendant's arguments therefore fail, and the forum selection clause is "permissive."

### IV.  Conclusion and Order

For the reasons stated above, the forum selection clause in Section 12.9 of the "Memorandum of Understanding" is "permissive."  Thus, the case at hand was properly brought in Massachusetts, and it is hereby ORDERED that the Motion to Dismiss(#19) be, and the same hereby is, DENIED.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

October 13, 2005.