United States District Court
District of Massachusetts

| | |
|---|---|
| Dorel Steel Erection Corporation ) <br>   Plaintiff ) <br>      vs. ) <br> ) <br> Capco Steel Corporation ) <br>   Defendant ) <br>      and ) <br> Canam Steel Corporation ) <br>   Reach and Apply Defendant ) | Civil Action no. 05-10627 WGY |

### Verified Motion of the Plaintiff, Dorel Steel Erection Corporation for Preliminary Injunction

Now comes the Plaintiff, Dorel Steel Erection Corporation ("Dorel") and respectfully moves this Honorable Court for a Preliminary Injunction pursuant to Rule 65 of the FRCVP ordering the Reach and Apply Defendant, Canam Steel Corporation ("Canam") from paying or in any way withdrawing, assigning, encumbering, or alienating any of the funds due or which might become due to the Defendant Capco Steel Corporation ("Capco"), up to a limit of $400,000.00.

Dorel also moves that the Court waive the requirements of Rule 65(c) of FRCVP.

In support whereof, Dorel points out that prior to removal from the Superior Court of the Commonwealth of Massachusetts that court allowed a motion for temporary restraining order prohibiting Canam from paying money to Capco pending further order of the court.

In further support, Dorel cites the Verified Complaint filed herein in which it alleged the following:

1. In an agreement entitled "Memorandum of Understanding" ("the Contract") dated July 19, 2001, Capco entered into a contract with Dorel and two other parties: James F. Stearns Company ("Stearns") and Prime Steel Corporation ("Prime")

2. This contract recited that Capco had entered into a subcontract with Canam Steel Corporation to perform certain construction work on a building identified therein as the "Boston Convention and Exhibition Center" ("the Project").

3. It further recited that Capco was thereby entering into sub-subcontracts with Dorel, Stearns and Prime whereby each of the four companies would perform one-quarter of the work of the Project in exchange for $8,750,000.00 for each party.

4. Pursuant to paragraph 4.3 of the Contract, Capco was to be the "administrative Project Manager" of the Project.

5. Pursuant to paragraph 3 of the Contract, all laborers on the Project were to be employees of Capco

6. Pursuant to paragraph 6 of the Contract, Capco was to keep the books and records for the Project. Pursuant to subparagraph 6.1 of the Contract Capco was to keep an audit of the Project.

7. Pursuant to paragraph 7 of the Contract, interim distributions were to be made for expenses and at the conclusion of the Project profits or losses were to be determined and apportioned and paid following completion of the Project.

8. Dorel completed its work upon the project and, upon information and belief, so have the other sub-subcontractors. Dorel believes that the Project has been completed.

9. Capco has refused or neglected to provide a full and final accounting to Dorel.

10. According to incomplete accountings provided by Capco to Dorel, Dorel believes that it might be owed as much as $400,000.00 by Capco.

11. In paragraph nine of its Amended Answer filed with this court Capco states "that the project, having been completed, the accounting has not been finalized with Canam".

12. In paragraph ten of its Amended Answer filed with this court Capco states that "the project has been completed as to construction but not as to accounting with Canam and Canam's General Contractors, Clark/Hunt/Berry."

13. In paragraph fifteen of its Amended Answer filed with this court Capco states that "monies due the plaintiff cannot be determined as of this date since defendant has not received the final accounting on the project from Canam".

14. In paragraph seventeen *(sic)* of its Amended Answer Capco states that "it has no other contracts with Canam and has completed all of its contract".

15. In paragraphs 14-5 Canam states that it "is without knowledge or information sufficient to form a belief as to 'Capco is or will become owed money from Canam for the Project'".

## Verification

I, John Murphy, Sr., President if Dorel Steel Erection Corporation,, do hereby swear under pain and penalties of perjury that I am the president of the Plaintiff herein, that I have read the foregoing Motion, and that the allegations contained therein are true to the best of my knowledge, information, and belief.

Signed this eighth day of November, 2005,

/s/ John D. Murphy, Sr.
_____

John Murphy, Sr.,
President, Dorel Steel Erection Corporation

Commonwealth of Massachusetts                              November 8, 2005
County of Norfolk, SS.

Then personally appeared the above-named individual and made oath that the statements contained herein are true to the best of his knowledge, information, and belief.

/s/ Patricia A. Connors
_____

Notary Public
My Commission Expires:  3/13/09

By Its Attorney,

/s/ Charles A. Roberts
_____

Charles A. Roberts, Esq.
Law Offices of Scott W. Wynn
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone     (617) 241-5544
Telefax       (617) 242-7675

United States District Court
District of Massachusetts

| | |
|---|---|
| Dorel Steel Erection Corporation ) | |
|   Plaintiff ) | |
|       vs. ) | |
| ) | |
| Capco Steel Corporation ) | Civil Action no. 05-10627 WGY |
|   Defendant ) | |
|       and ) | |
| Canam Steel Corporation ) | |
|   Reach and Apply Defendant ) | |

**Affidavit in Support of Plaintiff's Motion for Preliminary Order**

Now comes the below-signed affiant and under pain and penalties of perjury does depose and say:

1. I am the president of the Plaintiff in this action.

2. I believe that the Defendant owes the Plaintiff the amount sought in the Verified Complaint herein.

3. I am unaware and do not believe that there is any liability insurance which may be available to pay any part of this amount.

4. To the best of my knowledge, information, and belief, the Defendant has no valid defense to this action, and there is a reasonable likelihood that the Plaintiff will recover judgment, including costs and interest, in at least the amount of the attachment.

5. To the best of my knowledge, information, and belief, there is a clear danger that the Defendant, if notified in advance of the attachment, will withdraw his funds from the custody and possession of the Trustee and will conceal or dissipate them. In support of this contention, the Plaintiff states that the Defendant has refused or neglected to pay the amount demanded by the Plaintiff despite numerous demands.

Signed this eighth day of November, 2005,

under pain and penalties of perjury,

/s/ John D. Murphy, Jr.
_____

John Murphy, Sr.
President, Dorel Steel Erection Corporation

Commonwealth of Massachusetts                                                November 8, 2005
County of Norfolk, SS.


    Then personally appeared the above-named individual and made oath that the statements contained herein are true to the best of his knowledge, information, and belief.


                                /s/ Patricia A. Connors
                              _____

                                        Notary Public
                            My Commission Expires:  March 13, 2009

United States District Court
District of Massachusetts

| | | |
|---|---|---|
| Dorel Steel Erection Corporation | ) | |
|   Plaintiff | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| Capco Steel Corporation | ) | C.A. No. 05-10627 WGY |
|   Defendant | ) | |
|     and | ) | |
| | ) | |
| Canam Steel Corporation | ) | |
|   Reach and Apply Defendant | ) | |

**Request for Hearing**

    Now comes Dorel Steel Corporation and respectfully requests a hearing upon its Motion of the Plaintiff, Dorel Steel Erection Corporation for Preliminary Injunction.

By Its Attorney,

/s/ Charles A. Roberts
_____

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone   (617) 241-5544
Telefax       (617) 242-7675

United States District Court
District of Massachusetts

| | | |
|---|---|---|
| Dorel Steel Erection Corporation | ) | |
|   Plaintiff | ) | |
|       vs. | ) | |
| | ) | |
| Capco Steel Corporation | ) | Civil Action no. 05-10627 WGY |
|   Defendant | ) | |
|     and | ) | |
| Canam Steel Corporation | ) | |
|   Reach and Apply Defendant | ) | |

Certificate of Service

    I, Charles A. Roberts, do hereby certify that I have mailed, postage prepaid, a copy of the foregoing to Counsel for the Defendant, Capco Steel Corporation:

    Girard R. Visconti, Esq.
    Visconti and Boren Ltd.
    55 Dorrence Street
    Providence, R.I. 02903-2219

    and to

    Michael D. Vhay, Esq.
    DLA Piper Rudnick Gray Cary
    One International Place, 21st. Floor
    Boston, MA 02110-2613

_____

    Charles A. Roberts

Dated:  November 11, 2005