## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOREL STEEL ERECTION CORPORATION | : |
| | : |
| vs. | :    C.A. No:. 05-10627-WGY |
| | : |
| CAPCO STEEL CORPORATION | : |
| | : |
| and | : |
| | : |
| CANAM STEEL CORPORATION | : |
| Reach and Apply Defendant | : |

### SECOND SUPPLEMENTARY OBJECTION ON BEHALF OF
### CAPCO STEEL CORPORATION TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

Capco Steel Corporation ("Capco") files this second supplementary objection on the

following grounds:

1.    Capco informed Dorel Steel Erection Corporation ("Dorel"), through its attorneys,

and this Honorable Court, that Capco has received its final payment from Canam

Steel Corporation ("Canam") in the sum of $311,086.00 and, together with its

accountants, are in the process of reviewing the accounting, including expenses,

and any payment will be made to the four partners. Dorel, as well as four other

entities, including Capco, are parties to a memorandum dated July 19, 2001 in

relation to the Boston Convention and Exhibition Center Project ("Project"), a

copy of the memorandum is attached hereto as EXHIBIT A. Said memorandum

sets forth the duties and responsibilities of each partner concerning an audit upon

final completion of the Project as per Section 6.1 and distribution of profits and

losses according to Section 7.2.

2.     Since Capco has been paid the full amount from Canam on the Project, any
       preliminary injunction requested by Dorel is moot.

3.     On November 23, 2005, Dorel through its attorneys, advised the parties that they
       are seeking a preliminary injunction, whereby they will ask this Honorable Court
       to restrain and enjoin Canam from paying any monies to Capco on the Hartford
       Convention Center Project in Hartford, Connecticut. Canam is a Maryland
       corporation with its headquarters in Maryland.

              Capco objects to any such request and injunction, for a non-related project,
       especially in the State of Connecticut. As noted in its objection to Dorel's
       preliminary injunction, Capco is in a strong financial condition, as more
       evidenced by the affidavit attached hereto on behalf of Capco.

              Dorel is moving for this Court to issue a preliminary injunction pursuant
       to Rule 65.

4.     Dorel cannot meet its burden of proof, especially in Paragraph 5 of Dorel's
       affidavit, which states that "there is a clear danger that the Defendant, if notified
       in advance of the attachment, will withdraw his funds from the custody and
       possession of the Trustee and will conceal or dissipate them".

              Dorel cannot show that Dorel will suffer irreparable harm if the injunction
       is not granted. Dorel's affidavit that "there is a clear danger" is unwarranted,
       especially since Capco has already paid Dorel approximately $3,200,000.00 in
       pure profit on this Project.

2

Neither can Dorel at this time show that it "has exhibited a likelihood of success on the merits", especially since Capco recently received the final payment from Canam and is in the process of determining any monies that may be due Dorel and the other partners, subject to review of all expenses incurred on the Project. Therefore, Dorel cannot show that they will suffer irreparable harm if the injunction is not granted. Certainly, Dorel cannot show that Capco is insolvent, cannot pay their bills as they become due, is wasting assets, or any other financial straits. See *Planned Parenthood*, 641 Fed.2d 1006 for standards for injunctive relief.

5.   Capco hereby requests that this Honorable Court award counsel fees against Dorel in defense of this matter.

Respectfully submitted,
Defendant,
**CAPCO STEEL CORPORATION**
By their Attorneys,

Girard R. Visconti (BBO #510200)
David M. Campbell (BBO# 645512)
*Visconti & Boren Ltd.*
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 Fax

3

## **CERTIFICATION**

I, the undersigned, hereby certify that on the 25th day of November 2005, I faxed and mailed a true copy of the within document by regular, first-class mail, postage prepaid, to the following:

Charles A. Roberts, Esq.
Law Offices of Scott W. Wynn
254 Main Street
P.O. Box 290009
Charlestown, MA 02129

Michael D. Vhay, Esq.
DLA Piper Rudnick Grary Cary US LLP
One International Place, 21st Floor
Boston, MA 02110

Susan Munjen

4