United States District Court
District of Massachusetts

| | | |
|---|---|---|
| Dorel Steel Erection Corporation | ) | |
|   Plaintiff | ) | |
|        vs. | ) | |
| | ) | |
| Capco Steel Corporation | ) | Civil Action no. 05-10627 WGY |
|   Defendant | ) | |
|        and | ) | |
| Canam Steel Corporation | ) | |
|   Reach and Apply Defendant | ) | |

### Motion to Compel Production of Documents from
### Capco Steel Corporation

     Now comes the Plaintiff, Dorel Steel Erection Corporation ("Dorel") in the above-captioned case and states that, pursuant to Rule 34 of the Federal Rules Civil Procedure, it served upon the Defendant a Request for Production of Documents upon the Defendant, Capco Steel Corporation ("Capco").  Pursuant to an intervening court order, Counsel for the Plaintiff along with an accountant appeared at Capco's place of business on June 30, 2006, and were informed that not all of the documents which Plaintiff had requested were available.  Of those documents which were available, Dorel physically marked the ones of which it wished copies upon the promise that they would then be provided.  It was also promised that the remaining documents would be made available.  The marked documents as shown by the letter dated June 30 appended hereto, were not produced; in addition, the other documents have not been made available.

     Pursuant to an order entered by the Court on September 21, 2006, Plaintiff moves that the Defendant, Capco, be ordered to produce the documents it marked on June 30 as well as those which were requested as contained in the Request for Production of Documents appended hereto.

     Further according to this order, Capco has until October 27, 2006, to respond to this motion and, in the event it does not respond or in the event the response is inadequate, this motion will be heard by the Court on November 1, 2006, at 2:30 p.m.

By Its Attorney,

/s/ Charles A. Roberts

_____

Charles A. Roberts, Esq.
Law Offices of Scott W. Wynn
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone     (617) 241-5544

**LAW OFFICE OF SCOTT W. WYNN**

254 Main Street
P.O. Box 290009
Charlestown, Massachusetts 02129

Scott W. Wynn
Charles A. Roberts
Gregory A. Ramsey

Telephone: (617) 241-5544
Facsimile: (617) 242-7675
info@scottwynnlaw.com

June 30, 2006

Girard R. Visconti, Esq.
Visconti & Boren Ltd.
55 Dorance Street
Providence, Rhode Island  02903-2219

Via fax: 401.421.9302 and regular mail

Justin Amico
Feeley & Driscoll, P.C.
200 Portland Street
Boston, Massachusetts  02114-1709

Via fax:      617.742.0210

**Re:    Dorel and Capco on Merck and Logan/Baggage and Convention Center**

Dear Gerry and Justin:

I am following up on the review of documents made available to Marc Fiore and myself yesterday.

**Convention Center**:

- I have put a yellow post-it on several boxes.  Inside those boxes are files marked with a post-it for copying.
- We would also need to see the following, which were not immediately available yesterday
    - Change Orders
    - All pay requisitions from July 2003 forward.
    - Daily reports from P.M. or otherwise from July 2003 forward
    - Architect's project meeting minutes.

- All time sheets and detail backup for all Administrative costs including the date the costs were posted to the project cost summary.

- We have consistently maintained our concern that costs attributable for the miscellaneous metals portion of Capco's subcontract may have been allocated to the structural steel subcontract. I would like to examine the accounting for the miscellaneous metals portion of Capco's work.

**Merck/Logan Baggage (both projects)**:

- We would like to see the following which were not immediately available yesterday.
    - Change Orders.
    - All Capco pay requisitions from August 2002 forward.
    - Daily reports from P.M. or otherwise from August 2002 forward.
    - Architect's project meeting minutes from August 2002 forward.

- All time sheets and detail backup for all Administrative costs including the date the costs were posted to the project cost summary.

Please call me if you have any questions or concerns.

Very truly yours,

Scott W. Wynn
SWW/am
Cc:   Jack Murphy via fax

United States District Court
District of Massachusetts

| | | |
|---|---|---|
| Dorel Steel Erection Corporation | ) | |
|   Plaintiff | ) | |
|       vs. | ) | |
| | ) | |
| Capco Steel Corporation | ) | Civil Action no. 05-10627 WGY |
|   Defendant | ) | |
|       and | ) | |
| Canam Steel Corporation | ) | |
|   Reach and Apply Defendant | ) | |

**Plaintiff's First Request for Production of Documents
To Capco Steel Corporation**

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Dorel Steel Corporation ("Dorel") requests that Capco Steel Corporation produce for inspection and copying the documents described in Schedule "A" attached hereto at the offices of Scott W. Wynn, 254 Main Street, P.O. Box 290009, Charlestown, Massachusetts 02129 within thirty (30) days from the date of service hereof.

**Definitions**

1. The term "Dorel" herein shall mean the Plaintiff, its employees, agents, servants and attorneys.

2. The terms "Capco", "you", and "your" as used herein shall mean Capco Steel Corporation its employees, agents, servants, and attorneys, including but not limited to Feeley and Driscoll, P.C. ("F&D").

3. The term "Project" as used herein shall mean a construction project known as Boston Convention Center, located in Boston, Massachusetts.

4. The term "Canam" shall mean Steel Corporation.

5. The term "date" as used herein shall mean the exact month, day, and year, if ascertainable, or your best approximation thereof.

6. "Documents" as used herein shall mean all written, printed, typed, transcribed, taped, filmed or other graphic matter of every kind and description whatsoever, however produced or reproduced, within the possession, custody or control of Capco, whether received or reviewed by Capco or prepared by Capco for its own use or for transmittal, and wherever located, including without limitation of the scope thereof.

    (a)    any and all correspondence, statements, telegrams, plans, drawings, designs, contracts (including written memoranda, records or logs of telephone conversations and other conversations, meetings, conferences, discussions, agreements, acts and activities), intraoffice and interoffice communications, minutes or meetings, agenda, transcripts, filings, calendars or diary entries, books, records, pamphlets, lists, brochures, periodicals, articles, notes, tables, bids, price lists, notices, papers, manuscripts, commentaries, scrapbooks, notebooks, bulletins, draft, bills, studies, journals, analyses, computer printouts or other statistical data or summaries prepared therefrom;

    (b)    any and all photographs, mechanical and electronic sound recordings or transcripts, movies or motion pictures, videotapes, cassettes, discs, microfilm, microfiche, tapes, computer cards, computer tapes, computer programs and any and all other recordings of any and every description.

    (c)    any and all drafts prepared in connection with such documents, whether used or not, and all photostats, microfilm, microfiche, xeroxes, or other copies or reproductions of such documents in whatever form any by whatever means made, whether or not identical to the originals.

7. With respect to any document called for by these requests as to which Capco claims a privilege or which Capco contends are otherwise not subject to production, Capco shall provide to Dorel at the time for production set forth above, a description of each document so withheld from production, including the following:

    (a)    The type of document, (e.g., letter, memorandum, report, etc.)
    (b)    The date;
    (c)    The title;
    (d)    The author(s) or addressor(s);
    (e)    The addressee(s), or any other person who received, obtained, or was sent a copy of the document;
    (f)    The subject matter of the document; and
    (g)    The factual and legal basis of the claim of privilege or ground for non-production asserted with respect to the document.

By Its Attorney,


/s/ Charles A. Roberts
_____

Charles A. Roberts, Esq.
BBO No. 422200
Law Offices of Scott W. Wynn
BBO No. 551063
254 Main Street
P.O. Box 290009
Charlestown, MA 02129
Telephone    (617) 241-5544
Telefax       (617) 242-7675

**Schedule A — Documents to be Produced**

1. The contract(s) by and between Canam and Capco, including both the structural steel and the miscellaneous metals.

2. All subcontracts or material supply contracts entered into for both the structural steel and the miscellaneous metals.

3. All memorandum, pre-construction surveys, reports, correspondence, notices, or bills presented by Capco to Canam for the structural steel contract.

4. All memorandum, pre-construction surveys, reports, correspondence, notices, or bills presented by Capco to Canam for the miscellaneous metals.

5. All memorandum, pre-construction surveys, reports, correspondence, notices, or charges presented by Capco to Canam for the structural steel contract.

6. All memorandum, pre-construction surveys, reports, correspondence, notices, or charges presented by Capco to Canam for the miscellaneous metals.

7. All backcharge(s) or notification(s) of backcharge(s) by Capco against Dorel for its work on the structural steel.

8. All backcharge(s) or notification(s) of backcharge(s) by Canam against Capco for its work on the structural steel.

9. All backcharge(s) or notification(s) of backcharge(s) by Canam against Capco for its work on the miscellaneous metals.

10. Any documentation or computer records maintained by Capco that demonstrate the account balance of Dorel.

11. All documents that support or tend to support Capco's position that the amount of money owed claimed by Dorel is inaccurate.

12. All payments to Capco from Canam for the structural steel.

13. All payments to Capco from Canam for the miscellaneous metals.

14. All certified payroll records relating to labor costs relating to the structural steel on the Project.

15. All certified payroll records relating to labor costs relating to the miscellaneous metals on the Project

16. All certified payroll records relating to labor costs relating to any other purpose on the Project

17. Please supply all documents which were supplied to or available to F&D when it prepared its report dated January 10, 2006.

18. All correspondence, email transmissions, facsimile transmissions, memoranda, or other documentation of any kind which supports the Executive Summary contained in F&D's report dated January 10, 2006.

19. All correspondence, email transmissions, facsimile transmissions, memoranda, or other documentation of any kind which supports the Contract Amount Reconciliation contained in F&D's report dated January 10, 2006.

20. All correspondence, email transmissions, facsimile transmissions, memoranda, or other documentation of any kind which supports the Cash Receipts Testing contained in F&D's report dated January 10, 2006.

21. All correspondence, email transmissions, facsimile transmissions, memoranda, or other documentation of any kind which supports the Labor Cost Testing contained in F&D's report dated January 10, 2006.

22. All correspondence, email transmissions, facsimile transmissions, memoranda, or other documentation of any kind which supports the Non-labor Costs contained in F&D's report dated January 10, 2006.

23. All invoices for material, subcontractor work and/or equipment for the structural steel.

24. All invoices for material, subcontractor work and/or equipment for the miscellaneous metals.

25. Copies of all checks or other forms of payment for the structural steel.

26. Copies of all checks or other forms of payment for the miscellaneous metals.

27. All correspondence, email transmissions, facsimile transmissions, memoranda, or other documentation of any kind.

28. A listing of all tools purchased for the structural steel project, whether or not they were used for the miscellaneous metals, and their eventual disposition.

29. A copy of the check book ledger used for the structural steel project.

30. A copy of the check book ledger used for the miscellaneous metal project.

31. All bank statements and correspond checks for the entire durations of all work that Capco or any other the subcontractors performed.